## A94A2702. FAULKNER v. FRAMPTON.
### (456 SE2d 88)

RUFFIN, Judge.

We granted Paul Faulkner's application for discretionary appeal from the trial court's upward modification of a child support award based on Faulkner's substantial increase in income.

Faulkner contends the trial court erred in awarding child support outside the range enumerated in the Georgia Child Support Guidelines (OCGA § 19-6-15) without a written finding of special circumstances.

OCGA § 19-6-15 (c) provides: "The trier of fact may vary the final award of child support, up or down, outside the range enumerated in . . . this Code section upon a written finding of special circumstances. The special circumstances may be any factor which the trier of fact deems to be required by the ends of justice. . . ." The statute was recently amended to permit a specific finding on the record in lieu of a written finding. OCGA § 19-6-15 (b); Ga. L. 1994, p. 1728, § 1. "The finding 'must state the amount of support that would have been required under the guidelines and include justification of why the order varies from the guidelines.' " *Ehlers v. Ehlers*, 264 Ga. 668, 669 (1) (449 SE2d 840) (1994).

The trial court's order modifying Faulkner's child support obligation sets forth ample justification supporting an increased award, but "the amount of support that would have been required under the guidelines" is not set forth by the court in its order or elsewhere in the record, as required by *Ehlers*, supra. Nor is there a finding as to Faulkner's gross income to enable one to compute his current child support obligation. Thus, this case must be remanded for written findings in accordance with OCGA § 19-6-15 (b) and *Ehlers*, after which either party may apply for appellate review.

Since consideration of the remaining enumerations of error is dependent upon a correct award, we decline to do so at this time.

*Case remanded with direction. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1995.

*Baskin & Baskin, Harris P. Baskin, Jr.*, for appellant.
*Kupferman & Ransopher, Lawrence D. Kupferman, Nancy S. Rogers*, for appellee.