## S98A1801. BRADLEY v. BRADLEY.

(512 SE2d 248)

BENHAM, Chief Justice.

In the course of their divorce proceedings, the parties to this appeal agreed upon most issues and submitted the remaining issues to the trial court, including the amount of child support Mr. Bradley would pay after sole custody of their minor child was vested in Ms. Bradley, and which parent would have the federal income tax exemption for their child. The trial court set an amount of child support, awarded the income tax exemption to Mr. Bradley, and included in the final order a provision that the amount of child support would be reduced by $100 per month should Ms. Bradley successfully appeal the trial court's award of the income tax exemption. Ms. Bradley filed an application for discretionary appeal which this Court granted, directing the parties to address whether the trial court erred in giving the non-custodial parent the federal dependent child tax exemption, and whether the trial court erred in ordering an automatic reduction in the husband's child support payments if the wife successfully appealed the award of the federal tax exemption.

1. The first question is answered in the affirmative by this Court's decision in *Blanchard v. Blanchard*, 261 Ga. 11 (401 SE2d 714) (1991). We held there, reasoning from the language of the federal statute, that Georgia courts do not have authority to award the income tax exemption to a non-custodial parent.[1] After considering the decisions of other states that their courts could use their equitable powers to force the custodial parent to give up the exemption, this Court determined that it would not reach that conclusion because the State would then be exercising a taxation power it does not possess; because the desirable object of certainty, one of the objects of the federal statute in question, would be lost; and because such a ruling would add to the burdens of the superior courts in making case-by-case determinations and by having to police the tax-paying behavior of the parties by use of the contempt power. Reconsidering those reasons in this case, we conclude they are still valid. Accordingly, we reaffirm this Court's holding in *Blanchard* and hold that the trial court erred in awarding the dependent child tax exemption to the

---

[1] Although not an issue in this case, we note that this Court used the phrase "with earned income" in connection with the words, "custodial parent," on two occasions in *Blanchard*: "This subsection grants custodial parents, with earned income, a reduction in income tax liability," at 261 Ga. 12; and, "If a state forcibly takes the tax exemption from a custodial parent, with earned income, that parent's income becomes subject to unauthorized tax liability," 261 Ga. at 12. While in both instances the statement is a correct statement of the effect of the federal dependent child tax exemption, neither the statute nor case law dealing with the statute make having earned income a prerequisite to entitlement to the exemption.

non-custodial parent.

2. We also answer the second question in the affirmative, holding that the trial court erred in providing for an automatic reduction in child support should Ms. Blanchard successfully contest the award of the exemption to Mr. Bradley. Pretermitting the propriety of an order seeking to penalize the exercise of the right to appeal, the automatic reduction provision in the judgment involved here is improper because its implementation would reduce the amount of child support below the statutory guidelines.

> [T]he guidelines for computing the amount of child support found in OCGA § 19-6-15 (b) and (c), known as the "Child Support Guidelines," are the expression of the legislative will regarding the calculation of child support and must be considered by any court setting child support.

*Pruitt v. Lindsey*, 261 Ga. 540 (407 SE2d 750) (1991). A variation from the guidelines must be supported by a written finding of special circumstances, including a justification of why the support order varies from the guidelines. *Ehlers v. Ehlers*, 264 Ga. 668 (449 SE2d 840) (1994). Although the reduction contemplated in the trial court's order in this case would reduce Mr. Bradley's support obligation below that called for by the guidelines, the trial court's order was silent regarding special circumstances justifying the variance. Thus, under the cases cited above, application of the automatic reduction feature of the order would make the order insufficient.

Because the trial court's order is erroneous in its award of the federal income tax dependent exemption to the non-custodial parent and in its reduction of the amount of child support below the statutory guidelines without the necessary supporting findings, the judgment must be reversed. Because the original award of child support in that judgment may have been based in part on the trial court's intention to award the income tax exemption to the payor of that support, we remand this case to the trial court for establishment of a child support award in compliance with the statutory guidelines.

*Judgment reversed and case remanded. All the Justices concur, except Fletcher, P. J., Sears and Carley, JJ., who dissent.*

FLETCHER, Presiding Justice, dissenting.

I remain convinced that the better view, as adopted by a majority of the states, is that a state court has authority to allocate the income tax exemption for dependent children to the non-custodial parent or require the custodial parent to execute the waiver in favor of the non-custodial parent. Because the majority opinion refuses to grant that authority to trial courts in Georgia, I dissent.

None of the reasons given for denying trial courts authority to award exemptions justifies the rule. First, nothing in the statutory language of the Tax Reform Act of 1984, 26 U.S.C. § 152 (e), prevents this Court from following the overwhelming majority of other state appellate courts in concluding that state courts may award the federal income tax exemption to either parent in a divorce action without invading the federal power of taxation. Second, there is no extra uncertainty introduced into federal tax administration by granting the trial court discretion to award the dependency exemption to either parent. Third, granting trial courts authority to allocate the exemption does not create an extra burden on them, but merely expands their options in seeking to achieve a fair and sufficient child support award based on the facts in each case.

In 1991 when we decided *Blanchard v. Blanchard,*[2] nineteen states had recognized that state trial courts have the authority to allocate the exemption whereas only seven states held that federal law preempted states from exercising the power.[3] In the intervening years, a majority of states continues to adhere to the view that federal law does not preempt state courts from allocating the income tax exemption for dependent children.[4] Since I agree that there is no federal preemption in this area of the law, I would overrule our decision in *Blanchard*.

I am authorized to state that Justice Sears and Justice Carley join in this dissent.

DECIDED FEBRUARY 8, 1999.

*Collier & Gamble, Edward R. Collier,* for appellant.
*Bowles & Bowles, Jesse G. Bowles,* for appellee.

---

[2] 261 Ga. 11 (401 SE2d 714) (1991).

[3] See *Blanchard,* 261 Ga. at 16 (Fletcher, J., dissenting).

[4] See Gavin L. Phillips, State Court's Authority, in Marital or Child Custody Proceeding, to Allocate Federal Income Tax Dependency Exemption for Child to Non-custodial Parent under § 152 (e) of the Internal Revenue Code (26 U.S.C. § 152 (e)), 77 ALR4th 786 (1990 & 1998 Supp.).