S00A0552. URQUHART v. URQUHART.
(533 SE2d 80)

BENHAM, Chief Justice.

Appellant Jennifer Urquhart and appellee Clyde Urquhart were married in November 1992. In July 1998, appellee Husband filed a

petition for divorce in which he sought dissolution of the six-year marriage and custody of the couple's two and a half year old daughter. Appellant Wife counterclaimed for divorce and also sought child custody. In the final judgment and decree of divorce, the trial court gave permanent and exclusive custody of the child to Husband, and made an award of child support in favor of Husband after recognizing that Husband had not sought such an award and that Wife's income was not known. The trial court ordered appellant Wife to pay child support of $75 per week, commencing six months from the date of the final judgment and decree of divorce. Wife filed an application for discretionary review which this Court granted in order to review the award of permanent and exclusive child custody to Husband and to decide whether the child support award was based upon the required findings demonstrating the trial court's consideration of and compliance with the applicable statutory guidelines. See OCGA §§ 19-5-12; 19-6-15; *Ehlers v. Ehlers*, 264 Ga. 668 (1) (449 SE2d 840) (1994).

1. In the final judgment and decree of divorce, the trial court found that both parties were "fit and proper parents," but that joint custody was not a viable option because the child's parents did not share the "communication and cooperation needed for joint custody. . . ." See *Baldwin v. Baldwin*, 265 Ga. 465 (458 SE2d 126) (1995), where this Court held that a trial court, upon finding both parents fit and proper, "must give due consideration to the feasibility of a joint custody arrangement." The trial court acknowledged that the guardian ad litem appointed by the trial court and the custody evaluator hired by the guardian ad litem both recommended that Wife have custody of the child, but concluded that it was in the child's best interest that Husband be given permanent and exclusive custody since Husband afforded "a much more stable and predictable environment for this child" than did Wife.

> In a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child, and may award the child to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody. . . . Where in such a case the trial judge has exercised his discretion, this court will not interfere unless the evidence shows a clear abuse thereof. . . . In a case such as this, it is the duty of the trial judge to resolve the conflicts in the evidence, and where there is any evidence to support his finding it cannot be said by this court that there was an abuse of discretion on the part of the trial judge in awarding custody of the minor child to the father.

*Anderson v. Anderson*, 240 Ga. 795 (2) (242 SE2d 593) (1978). Inasmuch as there was evidence supporting the trial court's finding, we cannot say the trial court abused its discretion in awarding custody of the child to Husband.

2. When child support is awarded in a final decree of divorce, OCGA § 19-6-15 comes into play. OCGA § 19-6-15 (b) provides guidelines for the computation of the child support award and the guidelines "are the expression of the legislative will regarding the calculation of child support and must be considered by any court setting child support." *Pruitt v. Lindsey*, 261 Ga. 540 (407 SE2d 750) (1991). See also *Bradley v. Bradley*, 270 Ga. 488 (2) (512 SE2d 248) (1999). The statute states that use of the guidelines creates a rebuttable presumption that the amount of support so calculated is correct, and that presumption is rebutted "by a written finding or a specific finding on the record . . . that the application of the guidelines would be unjust or inappropriate." OCGA § 19-6-15 (b). Such a rebutting finding, however, "must state the amount of support that would have been required under the guidelines and include justification of why the order varies from the guidelines." Id. Subsection (c) of the statute authorizes a departure from the range of award set by the guidelines "upon a written finding that the presence of one or more of the following special circumstances makes the presumptive amount of support either excessive or inadequate. . . ." Deviation from the percentages set out in the guidelines requires a finding of special circumstances. *Franz v. Franz*, 268 Ga. 465 (1) (490 SE2d 377) (1997). Subsection (a) of § 19-6-15 requires that the decree "include a written finding of the gross income of the father and the mother and the presence or absence of special circumstances in accordance with subsection (c) of this Code section." OCGA § 19-6-15 (a).

In the case at bar, the trial court awarded child support without making a written finding as to the gross incomes of the child's parents; without applying the applicable statutory percentage range; and without making a written finding of special circumstances justifying the departure from the guidelines' applicable range. The child support award must be vacated and the case remanded to the trial court with direction that the child support award be set within the guidelines or that written findings supporting a departure from the guidelines be entered. *Ganny v. Ganny*, 238 Ga. App. 123 (6) (518 SE2d 148) (1999); *Faulkner v. Frampton*, 216 Ga. App. 785 (456 SE2d 88) (1995).

*Judgment affirmed in part and vacated and remanded in part. All the Justices concur.*

DECIDED JULY 5, 2000.

*Harrison & Harrison, Anthony L. Harrison,* for appellant.
*James E. Stein,* for appellee.
*Kutner & Bloom, Jeanney M. Kutner,* amicus curiae.