## S04F0476. WELCH v. WELCH.
(596 SE2d 134)

BENHAM, Justice.

Appellant Wife Laura Welch appeals from the final judgment and decree of divorce that concluded litigation in which appellee Husband Anthony Welch was awarded permanent custody of the couple's two minor daughters.[1] Wife contends the trial court abused its discretion in making its decision on custody in light of evidence that Husband is not a good parent. After considering Wife's contentions and reviewing the appellate record, we affirm the judgment of the trial court.

The parties were married in 1991 and spent their married life in

---

[1] Wife's application for discretionary appeal was granted pursuant to the provisions of this Court's Family Law Pilot Project.

Rabun County, where their two daughters were born. While Husband still resides in Rabun County, Wife moved to Greensboro, North Carolina, her hometown, when she lost her job in Rabun County shortly before she filed for divorce. After a two-day hearing on the issue of custody, the trial court found both parents to be attentive, concerned, and caring, with either able to provide the children with a high level of care. After determining that joint custody would be impractical due to the distance between the parties' homes, the trial court concluded it was in the children's best interests to implement permanent custody provisions that resulted in the least amount of disruption to their lives. Accordingly, the trial court awarded custody to Husband.

Where the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, this Court will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. *Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). Where there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion. *Jackson v. Jackson*, 230 Ga. 499, 500 (197 SE2d 705) (1973). Evidence of the children's close relationship with their father as well as extended family in the area, their ability to continue to attend the same Rabun County school where they have many friends, and their ability to continue as well-known members of their church congregation support the trial court's award of custody to Husband. Accordingly, we cannot say the trial court abused its discretion in making the award.

Appellant Wife suggests the trial court's award of custody to Husband is error because the trial court purportedly did not take into account the requirements of OCGA § 19-9-3 (a) (3), despite uncontested evidence Husband had committed two acts of violence on Wife. OCGA § 19-9-3 (a) (3) states it is operable in custody proceedings in which "the [trial] court has made a finding of family violence. . . ." In such a case, the trial court "shall consider as primary the safety and well-being of the child and of the parent who is the victim of family violence; [and] . . . shall consider the perpetrator's history of causing physical harm, bodily injury, assault, or causing reasonable fear of physical harm, bodily injury, or assault to another person. . . ." Wife acknowledges no finding of family violence was made by the trial court in the case at bar, but contends no express finding is necessary to implement the statute when the evidence of violence is uncontested.

Assuming arguendo that Wife is correct in her assertion that the uncontradicted evidence of violent acts is sufficient to trigger consideration of OCGA § 19-9-3 (a) (3) (A), (B) despite the statutory requirement that the trial court make a finding of the existence of family

violence, we cannot find error in this case. While the trial court did not make an express finding of the existence of family violence, we are unable to say that, faced with uncontroverted evidence of Husband's acts of physical violence directed at Wife, Husband's acceptance of responsibility and remorse for those acts, Husband's decision to "turn his life around," and the lack of evidence of ongoing violent acts, the trial court did not take into consideration the children's safety and well-being when it determined what was in their best interests. See OCGA § 19-9-3 (a) (3) (A). Inasmuch as there was evidence to support the trial court's decision, we cannot say the trial court abused its discretion in awarding custody of the children to Husband. *Urquhart v. Urquhart*, supra at 550.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*David A. Webster, Cummings & Dillard, Michael H. Cummings II*, for appellant.

*English, Tunkle & Smith, Richard Tunkle*, for appellee.