S04F1736. ANDERSON v. ANDERSON.
(606 SE2d 251)

BENHAM, Justice.

In July 2001, appellant Teena Marie Anderson (Wife) filed a complaint for divorce in which she sought to terminate her three-year marriage to appellee Anthony Ray Anderson (Husband). The couple has two children: a son born in 1993 who Wife brought to the marriage and Husband adopted, and a daughter born in 1999. In the amended final judgment and decree of divorce filed June 11, 2003, the trial court granted the divorce and awarded joint legal custody of the children to both parents, with primary physical custody of the son to Wife and primary physical custody of the daughter to Husband. After the trial court denied Wife's motion for new trial, Wife filed a timely application for discretionary review with this Court. We granted the application pursuant to our Family Law Pilot Project. See *Wright v. Wright,* 277 Ga. 133 (587 SE2d 600) (2003).

1. Wife contends the trial court abused its discretion in making its decision on custody. In its amended final judgment and decree, the trial court repeatedly acknowledged the custody issue must be determined based on what is in the best interest of the children. See OCGA § 19-9-3 (a) (2). Where the trial court exercises its discretion and awards custody of a child to one fit parent over the other fit parent, the appellate court will not interfere with that decision unless there is evidence the trial court clearly abused its discretion. *Powell v. Powell,* 277 Ga. 878 (596 SE2d 616) (2004); *Welch v. Welch,* 277 Ga. 808, 809 (596 SE2d 134) (2004). If there is any evidence to support the trial court's decision, it cannot be said there was an abuse of discretion. Id.

In the case at bar, the trial court found Husband had cared for the children by feeding, clothing, and bathing them, taking them to medical appointments, caring for them while Wife was out of town,

and helping the son with schoolwork. The trial court found Wife loved her children very much, but "put her own desires and perceived needs ahead of and to the detriment of her children" and lacked at this time "the moral fiber" to be a role model for her children. The trial court found Wife had "deliberately misrepresented matters to the court" and was not a credible witness. After making these findings, the trial court concluded the age of the older child and the bond that had developed between Wife and the older child supported an award of custody of the older child to Wife. Since each of the trial court's factual findings was supported by evidence, we cannot say the trial court abused its discretion in awarding primary physical custody of the couple's son to Wife and primary physical custody of the daughter to Husband. Id.

2. Wife contends the trial court abused its discretion when it fashioned a custody award which separated the siblings based on the children's biological relationship to Husband. As there is no evidence such a factor played a role in the trial court's determination, Wife's contention is without merit. Wife also contends the trial court abused its discretion in making the child custody decision by purportedly holding Wife to a higher standard regarding a sexual indiscretion than the standard to which the court held Husband, who had also participated in the indiscretion. The transcript of the bench trial reflects the trial court informed the parties that the indiscretion was not going to be determinative of the custody issue. Again, there being no evidence supporting Wife's allegation, it is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 2004.

*Crumbley & Crumbley, R. Alex Crumbley, Jason T. Harper*, for appellant.
*Brown & Romeo, Robert T. Romeo*, for appellee.