## S05A0657. DIAL v. DIAL.
### (621 SE2d 461)

HINES, Justice.

Bryan Antwan Dial appeals from the trial court's final judgment and decree of divorce, contending that the court was not authorized to award child support.[1] Finding that the court below erred, we reverse.

Mr. Dial and Juanita P. Dial were married in 1988. There are no children of the marriage. In 1994, a child ("B.C.W."), who was not related to either Mr. or Ms. Dial, began to live with the couple; he was then approximately four years old. The child's mother later gave Ms. Dial a document that reads:

> I [her name] hereby this day of August 8, 1996, give Juanita P. Dial full legal guardianship and or power of attorney of my son [B.C.W.]. I am fully aware that they will be relocating in the greater Atlanta Georgia metro area. We are therefore signing in agreement with a notary republic as witness [sic].

The document was notarized and signed by both the mother and Ms. Dial; Mr. Dial was not named in the document. Ms. Dial did not consider that the document evidenced an abandonment of the mother's parental rights, and Ms. Dial specifically told the mother that she was not "taking [the] child" from her. In fact, the period during which the child has lived with Ms. Dial was interrupted at least once when the child returned to live with his mother. The Dials separated in 2002, and on February 3, 2003, Mr. Dial filed a complaint for divorce. In her answer, Ms. Dial sought custody of, and child support for, B.C.W., which the trial court granted.

It was error to find that Mr. Dial was legally obligated to support B.C.W. Neither Mr. nor Ms. Dial made any effort to apply for legal guardianship of B.C.W., see OCGA § 29-4-1 et seq., and neither

---

[1] This Court granted Mr. Dial's application for discretionary appeal. See OCGA § 5-6-35 (a) (2).

attempted to adopt him. See OCGA § 19-8-1 et seq. The parties agree that Mr. Dial is not the child's biological father; were that the case, he would be legally obligated to support the child as set forth in OCGA § 19-7-2. And, if Mr. Dial had adopted the child, he would similarly be obligated to support the child. See OCGA § 19-8-19 (a) (2). But, this Court has previously declined to extend the principle of "virtual adoption" to issues regarding a legal responsibility to support minor children, see *Ellison v. Thompson*, 240 Ga. 594, 596 (242 SE2d 95) (1978), and the simple fact is that no legal relationship between Mr. Dial and the child was ever created.

Nonetheless, the trial court ordered that Mr. Dial pay child support, relying on this Court's opinion in *Wright v. Newman*, 266 Ga. 519 (467 SE2d 533) (1996). In that case, this Court recognized that an obligation to support a child may arise by contract[2] or, when no enforceable contract exists, by promissory estoppel. But in that case, Wright, whom the mother of the child was attempting to hold responsible for child support, had affirmatively accepted the obligations of fatherhood, including support, when he listed himself on the child's birth certificate as the father, even though he knew he was not. Id. at 520. He also held himself out as the child's father, and allowed the child to believe that he was the child's natural father. Id.

Mr. Dial has made no assertion of paternity, nor has he done any other act that can be considered a promise to assume all of the legal obligations of fatherhood. Rather, the evidence simply shows that he allowed his wife to bring into their home a child who otherwise would have been in unfortunate circumstances. Although Mr. Dial and B.C.W. are not related by blood or marriage, this situation is similar to one in which a couple takes a minor relative into their home for a period of time; providing support for a child in such a voluntary manner does not, by itself, create a legal obligation to provide that support. See *Mooney v. Mooney*, 245 Ga. App. 780 (538 SE2d 864) (2000).[3]

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

---

[2] No contract obligating Mr. Dial to provide for the child's support was ever executed.

[3] Mr. Dial also asserts that there was no evidence to support certain factual statements contained in the trial court's order granting child support. These enumerations of error are rendered moot by this opinion.

*Stuart A. Kurtz*, for appellant.
*Carlisle, Wren & McClurg, Dale A. Wren*, for appellee.