## S05F1773. BULL v. BULL.
(622 SE2d 326)

MELTON, Justice.

Brian Lloyd Bull petitioned for divorce from his wife, Ann Michelle Bull. A judge resolved all of the issues in a non-jury trial,

---

[2] 249 Ga. 635, 640-641 (292 SE2d 662) (1982).
[3] See *McGinn v. McGinn*, 273 Ga. 292, 292-293 (540 SE2d 604) (2001).

during which evidence was adduced regarding the parties' fitness to have custody of the two minor children of the marriage. Finding neither party to be an unfit parent, the trial court entered a final judgment and decree awarding primary physical custody of the minor children to Wife and unsupervised visitation to Husband, with both parties sharing joint legal custody. We granted Husband's application for discretionary appeal pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Husband asserts that the trial court abused its discretion when it awarded primary physical custody to Wife, contending that the trial court overlooked evidence that the children would be harmed if they remained in Wife's custody. Where the trial court exercises its discretion and awards custody to one fit parent over the other fit parent, this Court will not interfere unless the evidence shows the trial court clearly abused its discretion. *Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). Where there is any evidence to support the decision of the trial court, this Court cannot assert there was an abuse of discretion. *Welch v. Welch*, 277 Ga. 808 (596 SE2d 134) (2004). In the final judgment and decree of divorce, the trial court relied upon the evidence presented at the various hearings, testimony from the parties, expert witnesses, and documentary evidence to conclude that it was in the best interest of the minor children to award primary physical custody to Wife. See OCGA § 19-9-3 (a) (2). In making the custody ruling, the court considered the past problems and deficiencies of both parties. The trial court found that, although Wife had experienced personal difficulties with substance abuse and depression, by the time of the final hearing she had made great strides in her personal and professional life as evidenced by her operating a successful real estate appraisal business, receiving regular psychological treatment, taking prescribed medication, and purchasing a home for the family. Since the final decree establishes that the trial court considered all of the evidence adduced, including that Wife was a fit parent, that she had a loving relationship with the children, and that she could provide a stable home for them, we find no abuse of the trial court's discretion in awarding primary physical custody of the children to Wife. See generally *Anderson v. Anderson*, 278 Ga. 713 (606 SE2d 251) (2004).

2. Husband also contends that he was improperly denied the right to closing argument. In *Wilson v. Wilson*, 277 Ga. 801 (1) (596 SE2d 392) (2004), we held that the right to closing argument in civil, non-jury trials is absolute and that a party does not waive the right to closing argument where argument is requested but refused by the trial court. In this case, however, Husband never indicated to the court that he desired to make closing argument. Thus, unlike *Wilson*,

where the trial court prevented the litigant from making oral argument, Husband in this case clearly waived his right to closing argument. Compare *Stewart v. Cardella*, 269 Ga. App. 32 (2) (602 SE2d 915) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*Crumbley & Crumbley, Wade M. Crumbley*, for appellant.
*LaMalva & Oleand, David A. LaMalva, Paul J. Oleand IV, Smith, Welch & Brittain, Terri S. Sutton*, for appellee.