S06F0211. FRAZIER v. FRAZIER.

(631 SE2d 666)

BENHAM, Justice.

Christine Frazier (hereinafter "Wife") seeks in this appeal to overturn the final decree of divorce issued in the action she brought against Anthony Frazier (hereinafter "Husband") in which both parties sought custody of their three children. After a three-day bench trial, the trial court awarded joint legal and physical custody of the children, with Husband having authority, in the event of disagreement, to decide issues relating to education and extracurricular activities and Wife having authority to decide issues relating to health and religion; awarded child support to Wife; allocated the income tax dependency exemption for one child to Husband, for another child to Wife, and for the third child to each parent in alternating years; and divided the couple's marital property. During

the pendency of Wife's motion for new trial and motion to set aside, Husband filed a motion for supersedeas bond which the trial court granted, requiring payment of a sum of money into the registry of the court and excepting from the supersedeas the custody provisions of the divorce decree. Following the trial court's denial of Wife's motion for new trial, this Court granted her discretionary appeal application pursuant to this Court's Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Relying on this Court's holding in *Blanchard v. Blanchard*, 261 Ga. 11 (401 SE2d 714) (1991), that Georgia courts do not have authority to award the federal income tax dependency exemption to a non-custodial parent, Wife contends the trial court erred in giving any part of the exemption to Husband. Notwithstanding the trial court's award of joint legal and physical custody of the children, Wife contends she is the custodial parent for the purpose of federal income tax considerations because she has custody of the children for more of the year than Husband does. In support of that position, she relies on IRC § 152 (e) (4) (A), which provides "[t]he term 'custodial parent' means the parent having custody for the greater portion of the calendar year." However, our calculations based on the trial court's order reveal that the time the children are to spend with each parent is, so far as is practicable, equal. Under those circumstances, the holding in *Blanchard* does not support Wife's position because Husband is not the non-custodial parent, and IRC § 152 (e) (4) (A) does not require the exemption be given to one parent because neither parent can be said to have custody for a greater portion of the calendar year.[1] What the trial court did in this case comes as close to the requirement of IRC § 152 (e) (4) (A), as is possible, splitting the exemption between two parents who are both custodial parents by virtue of the divorce decree and neither of whom has custody for a greater portion of the calendar year.

Wife's argument that permitting Husband to have any part of the exemption would cause the child support awarded by the trial court to fall below guideline amounts is not persuasive. In *Bradley v. Bradley*, 270 Ga. 488 (2) (512 SE2d 248) (1999), on which Wife relies, we dealt with a provision in a divorce decree which would have reduced child support in the event the wife successfully appealed the

---

[1] We express no opinion here concerning the effect on subsequent cases of the 2005 amendment to OCGA § 19-6-15, effective July 1, 2006, in which the General Assembly provided the following definition in subsection (a) (8): " 'Custodial parent' means the parent with whom the child or children resides more than 50 percent of the time. . . . If each parent spends exactly 50 percent of the time with the child or children, then the court shall designate the parent with the lesser child support obligation as the custodial parent and the other parent as the noncustodial parent. . . ." Ga. L. 2005, p. 224, § 5, eff. July 1, 2006.

allocation of the dependency exemption to the husband. Here, no such change is contemplated. Permitting Husband to claim an exemption will not affect his gross income, which is the basis for child support calculations under the statutory guidelines (OCGA § 19-6-15) and nothing the trial court has done causes a reduction in the amount of child support. We see no error in the division of the dependency exemption established in the final decree.

2. In establishing the schedule of physical custody of the parties' children, the trial court, with the agreement of both parents, adopted the recommendation of the guardian ad litem. On appeal, as she did on motion for new trial, Wife contends the trial court abused its discretion in giving the parties equal physical custody of the children, arguing that the custody arrangements of the decree are not in the best interests of the children. In support of her argument, Wife points to evidence that the parties cannot communicate well, which will make the process of sharing custody difficult; expresses concern that Husband's travel schedule will result in the children spending too much time with caretakers other than their parents; and complains primarily that the custody schedule unfairly favors Husband. Husband points to evidence of his deep involvement with caring for the children prior to the separation of the parties and to evidence in the record that Wife engaged during the pendency of the divorce in a pattern of efforts to thwart the exercise of his visitation rights pursuant to a temporary custody order.

Where parents contest the issue of custody of a child, the trial court has very broad discretion, looking always to the best interest of the child. *Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). When the trial court has exercised that discretion, this court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion. Id. Because our review of the evidence, which included testimony that the parents were improving in their ability to communicate regarding the children's needs, does not show a clear abuse of the trial court's discretion, we will not disturb the custody provisions of the decree.

3. As part of the award of joint legal custody, the trial court required the parties to make an effort to agree on questions of the children's religion, health, education, and extra-curricular activities. It also provided that if the parties could not agree on those issues, Wife would have final decision-making authority with regard to religion and health while Husband would have that authority with regard to education and extra-curricular activities. Wife contends that designating Husband as decision-maker on those two issues was not in the best interests of the children because the parties do not

communicate well and because his decisions would have a greater impact during the times Wife has physical custody than when he does.

The trial court's designation of decision-making authority is provided for in OCGA § 19-9-6 (2):

> "Joint legal custody" means both parents have equal rights and responsibilities for major decisions concerning the child, including the child's education, health care, and religious training; provided, however, that the court may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.

The language of that statute clearly vests in the trial court discretion to decide which parent should be empowered to make final decisions where the parents are unable to agree. Discretionary decisions regarding custody will not be disturbed unless the evidence shows a clear abuse of discretion. *Anderson v. Anderson*, 278 Ga. 713 (1) (606 SE2d 251) (2004). Because the evidence in this case showed on-going disagreements between the parents on the issues of education and extra-curricular activities, making unlikely the parties being able to come to agreement on those issues, and also showed Husband played a greater role than Wife in decision-making regarding the children's education and extra-curricular activities prior to the parties' separation, we conclude the trial court's designation was not an abuse of discretion.

4. Wife complains the trial court's division of marital property was unfair because the trial court made certain valuations without an evidentiary basis and did not take into account several matters to which she testified. Her complaints amount to a challenge of the trial court's assessment of the evidence. "In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses. [Cit.]" *Langley v. Langley*, 279 Ga. 374, 377 (2) (613 SE2d 614) (2005). Our review of the record reveals the matters regarding which Wife complains were the subject of conflicting evidence and that her testimony on several of these matters was inconsistent. Because the record does not show the trial court's conclusions reflected in its distribution of marital property were clearly erroneous, we will not disturb them. Id.

5. After Wife filed a timely motion for new trial, Husband filed a motion for supersedeas bond. Pursuant to Husband's motion, the trial court entered an order requiring Wife to post a supersedeas bond

and expressly excepting from the supersedeas the custody provisions of the divorce decree. Wife complains on appeal that the trial court was not authorized to except the custody provisions of the decree from the automatic supersedeas provided by OCGA § 9-11-62 (b). Our research reveals a dearth of case law on the question of whether a trial court can except from the supersedeas a particular portion of the judgment, but the language of the statute itself persuades us such authority exists. "The filing of a motion for a new trial or motion for judgment notwithstanding the verdict shall act as supersedeas unless otherwise ordered by the court; but the court may condition supersedeas upon the giving of bond with good security in such amounts as the court may order." OCGA § 9-11-62 (b). The phrase "unless otherwise ordered by the court" plainly gives the trial court authority to deny supersedeas entirely, and the power to condition supersedeas upon the giving of bond is a further indication of the authority of the trial court to control the automatic supersedeas. No reason appears to limit that authority to an "all or nothing" application. In *Walker v. Walker*, 239 Ga. 175, 176 (236 SE2d 263) (1977), relied upon in part by the trial court in the present case as authority for excepting custody provisions from the supersedeas, this Court suggested that a party wishing to avoid supersedeas with regard to custody provisions of a divorce decree may ask the trial court to include in its final order "a special provision that the custody award is effective as of the date of the judgment to protect the best interest and welfare of the child . . . [, which provision] would effectively modify the automatic supersedeas as it regards custody. . . ." We view the authority of the trial court under OCGA § 9-11-62 (b) to deny or limit the effect of an automatic supersedeas as an acceptable alternative to the "special provision" suggested in *Walker*. Accordingly, we find no error in the trial court's inclusion in its grant of Husband's motion for supersedeas bond a provision excepting the custody provisions of the final decree from the supersedeas arising from Wife's filing of a motion for new trial.

*Judgment affirmed. All the Justices concur, except Sears, C. J., and Hunstein, P. J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

Because I would hold that the trial court was without authority to allocate the federal tax exemption, I dissent.

In *Blanchard v. Blanchard*, 261 Ga. 11 (401 SE2d 714) (1991), this Court held that Georgia courts do not have authority to award the federal dependent child tax exemption to a non-custodial parent. We reached this conclusion because to hold otherwise would cause the State to exercise a taxation power it does not possess, eliminate the desirable object of certainty, one of the objects of the federal statute in

question, and add to the burdens of the superior courts in making case-by-case determinations and by having to police the tax-paying behavior of the parties by use of the contempt power. This decision was reaffirmed in *Bradley v. Bradley*, 270 Ga. 488 (512 SE2d 248) (1999). Thus, this Court has twice determined that it is improper for courts of this State to allocate the dependency exemption because in doing so the State court would be exercising a taxation power it does not possess.

Reaching an opposite result in this appeal, the majority ignores the rationale of *Bradley* and *Blanchard* and holds that State courts may allocate the federal dependency exemption where parents are awarded joint custody and the time spent with each parent is, "so far as is practicable, equal." Such distinction is of no relevance, however, to the issue of the trial court's authority to allocate the federal tax exemption. Regardless of the nomenclature used to describe a custody arrangement or this Court's calculations of the amount of time a parent spent with a child, Georgia courts are without authority to impose a federal tax liability. As stated by the United States Supreme Court in *Burnet v. Harmel*, 287 U. S. 103, 110 (53 SC 74, 77 LE 199) (1932), State courts may create legal interests in custody decisions by granting custody to one or both parents, but "the federal [tax] statute determines when and how [such interests] shall be taxed."

The majority further errs in its determination that the trial court was authorized to allocate the federal tax exemption to Husband because IRC § 152 (e) (4) (A) does not provide for the allocation of the exemption where one parent has custody of the children for 47% of the calendar year. It is undisputed in this case that Husband had custody of the children at most only 47% of the time. "Custodial parent" is defined under 26 USC § 152 (e) (4) (A) as the "parent having custody for the greater portion of the calendar year." Recognizing that divorcing parents often are awarded shared or split custody, federal regulations interpreting § 152 (e) (4) specifically provide that in the event of a shared custody arrangement, "custody will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." 26 CFR § 1.152-4 (b). By their very terms, therefore, the federal tax code and applicable regulations do not grant State trial courts the authority to allocate the exemption in situations where the time children spend with their parents is, "so far as is practicable, equal." Rather, regardless of the type of custody arrangement, they require that a specific factual inquiry be made and that the exemption be allocated to the parent spending a greater portion of the calendar year with the child.[2]

---

[2] The majority's holding allowing State trial courts to arbitrarily allocate the exemption

See *McCullar v. Commr.*, T.C. Memo. 2003-272 (where parents awarded joint custody, dependency exemption rested with father because daughter resided with him for over 50% of the year).

I am authorized to state that Chief Justice Sears joins in this dissent.

DECIDED JUNE 26, 2006.

*Celeste F. Brewer*, for appellant.
*Karlise Y. Grier*, for appellee.

away from the custodial parent in a joint custody arrangement also ignores decades of reasoned opinions by the United States Tax Court that have held that the dependency exemption in joint custody situations depends not on the discretion of the trial court, but rather on this factual inquiry. See *Neal v. Commr.*, T.C. Memo. 1999-97; *Dumke v. Commr.*, T.C. Memo. 1975-91 (affirmed without published opinion 524 F2d 1230 (5th Cir. 1975)). Even where one parent has sole physical custody, the Tax Court has held that such parent is not entitled to the dependency exemption if the child did not live with him or her for the greater portion of the year. See *Otimishi v. Commr.*, T.C. Memo. 1980-472.