S09F1350. KIDD v. KIDD.

(684 SE2d 626)

BENHAM, Justice.

Appellant Jeffrey Kidd and appellee Teresa Kidd were married in 1995 and were divorced by the judgment and decree filed in the Superior Court of Lowndes County in September 2008. This Court granted appellant Husband's application for discretionary appeal

pursuant to the Family Law Pilot Project.[1]

The parties are the parents of two daughters, one born in April 1996 and the other in May 1999. The trial court awarded the parties joint legal custody of the children, with appellee Wife having primary physical custody and appellant Husband having visitation rights. Husband's appeal primarily takes issue with the custody award.

1. Husband first maintains the trial court erred when, in September 2007, it appointed as a guardian ad litem for the children a woman who had met appellee Wife and the children in March 2006 in the appointee's role as the executive director of a children's advocacy center. Husband contends a guardian ad litem must be disinterested and the appointee does not meet that requirement since she knew details of the case as a result of her interaction with appellee Wife and the children. However, the trial court did not appoint the woman to be a guardian ad litem, but asked her to evaluate the children's psychological condition and their relationships with their parents.[2] Inasmuch as the woman was not appointed to serve as the children's guardian ad litem, Husband's enumeration of error is without merit.

2. The issue of primary physical custody of the two children was hotly contested by the parties. Appellant Husband asserts the trial court abused its discretion when it made appellee Wife the primary custodial parent.

> In a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child[ren], and may award the child[ren] to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody. Where in such a case the trial [court] has exercised [its] discretion, this court will not interfere unless the evidence shows a clear abuse thereof. In a case such as this, it is the duty of the trial judge to resolve the conflicts in the evidence, and where there is any evidence to support [the trial judge's] finding it cannot be said by this court that there was abuse of discretion on the part of the trial judge in awarding custody of the minor child[ren] to the [mother].

*Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). The trial court did not set out its rationale for selecting appellee Wife as

---

[1] Pursuant to the Family Law Pilot Project, this Court grants all non-frivolous applications seeking review of a judgment and decree of divorce. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

[2] The evaluation is not a part of the appellate record.

the primary physical custodian in either the final judgment or in the February 2008 order in which it gave Wife temporary physical custody of the children. However, since the evidence was in conflict and neither parent was proven to be unfit as a matter of law, we cannot say the trial court abused its discretion in awarding primary physical custody to Wife. Id.

3. Lastly, Husband contends the trial court erred when it purportedly allowed Wife's attorney to submit evidence in the form of letters and e-mails from the attorney to the trial court after the close of evidence in the final hearing. Inasmuch as there is no evidence in the appellate record of the letters and e-mails to which appellant refers, we do not address this enumeration of error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*George M. Saliba II*, for appellant.
*Phillip N. Golub*, for appellee.