### S09F1100. HASKELL v. HASKELL.
(686 SE2d 102)

CARLEY, Presiding Justice.

Angela Haskell (Wife) and Brian Haskell (Husband) were married in 2001, and their only child was born in 2004. When the child was three years old, Wife brought this divorce action and was awarded temporary primary physical custody. In May 2008, she moved to Philadelphia, Pennsylvania. After a final hearing in September 2008, the trial court entered a final divorce decree providing for joint legal custody and awarding primary physical custody to Husband. The 30-page final judgment contains extensive findings of fact, analysis, and conclusions of law on the issue of custody. The trial court applied the factors set forth in OCGA § 19-9-3 (a) (3) and referred to this Court's decision in *Bodne v. Bodne*, 277 Ga. 445 (588 SE2d 728) (2003). "Considering the *Bodne* factors and all other relevant factors, including OCGA § 19-9-3, and based upon the specific facts and circumstances of this case," the trial court concluded "that the best interests of the child are served by awarding primary physical custody to [Husband] and secondary custody ('visitation') to [Wife]." Wife applied for a discretionary appeal, which we granted pursuant to our Pilot Project in divorce cases.

1. Wife contends that the trial court's award of primary physical custody to Husband is based on erroneous findings of fact and a misapplication of *Bodne*, and does not serve the best interests of the child.

> Where[, as here,] the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, this Court will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. [Cit.] Where there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion. [Cit.]

*Welch v. Welch*, 277 Ga. 808, 809 (596 SE2d 134) (2004). " '[I]t is the duty of the trial judge to resolve the conflicts in the evidence . . . .'

[Cit.]" *Urquhart v. Urquhart*, 272 Ga. 548, 549 (1) (533 SE2d 80) (2000). In considering a wide range of factors, the trial court here correctly avoided any presumption against relocation and adhered to

> the public policy requirement set forth in OCGA § 19-9-3 that the primary consideration of the trial court in deciding custody matters must be directed to the best interests of the child involved, that all other rights are secondary, and that any determination of the best interests of the child must be made on a case-by-case basis. . . . [W]e conclude that the order of the trial court reflects that when making its custodial determination based on the best interests of the children standard, it appropriately considered the myriad factors that had an impact on the child[ ] as established by the evidence adduced before it.

*Bodne v. Bodne*, supra at 446-447. Ample evidence, including the child's close relationship with his father, continued use of the same speech therapist, and other evidence related to stability, continuity, and the child's adjustment to relocation, "support[s] the trial court's award of custody to Husband. Accordingly, we cannot say the trial court abused its discretion in making the award." *Welch v. Welch*, supra. See also *Hammond v. Hammond*, 282 Ga. 456, 457 (1) (651 SE2d 95) (2007).

2. Wife also contends that the trial court erroneously refused to consider evidence relevant to the issue of custody, including Husband's adultery and the child's close relationship with his maternal grandparents, who live near Wife.

The trial court made no ruling either excluding or refusing to consider evidence of adultery, but rather indicated only that placing such evidence in the record could later harm the child. " '[T]his Court is empaneled to review rulings by lower courts and will not address issues not ruled upon below. (Cits.)' [Cit.]" *Messaadi v. Messaadi*, 282 Ga. 126, 129 (3) (646 SE2d 230) (2007). Moreover, Wife's counsel voluntarily chose to "back off" the subject and move forward, and was allowed to consult with Wife, apparently to confirm the decision with her. Thereafter, counsel made no further attempt to introduce evidence of adultery prior to the parties' separation. "[A] party cannot ignore during trial that which he or she thinks to be error, take a chance on a favorable outcome, and complain later. [Cits.]" *Facey v. Facey*, 281 Ga. 367, 368-369 (1) (638 SE2d 273) (2006). Furthermore, Wife was later allowed to cross-examine Husband about his relationship with his girlfriend, and the trial court made specific findings with regard to that relationship.

Wife also cannot complain of a statement by the trial court, with

which her counsel agreed, as to the relevance of certain of her questioning with respect to the maternal grandparents. Wife's attorney then argued that those grandparents had assisted the family financially, and the trial court stated that he would not give any weight to that fact. The trial court was permitted to discount any evidence of financial assistance by the maternal grandparents, as the parties' incomes are substantial and "a grandparent's previous voluntary support for a grandchild provides no basis for an obligation to provide child support in the future, absent an agreement to do so." *Mooney v. Mooney*, 245 Ga. App. 780, 784 (538 SE2d 864) (2000). See also *Dial v. Dial*, 279 Ga. 767, 768 (621 SE2d 461) (2005). Moreover, the trial court expressly acknowledged and balanced the benefit of having the maternal grandparents in close proximity.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 2009.

*Callner, Portnoy & Strawser, Kathy L. Portnoy, Charla E. Strawser*, for appellant.

*Miriam A. Arnold-Johnson, Divida Gude*, for appellee.