### A11A2393. CURTICE v. HARWELL.
(721 SE2d 200)

McFADDEN, Judge.

Jonathan E. Curtice appeals from the trial court's grant of primary physical custody of his daughter, H. C., to the child's mother, Jessica L. Harwell. Because the court did not abuse its discretion in determining that this custodial arrangement was in the child's best interest, we affirm.

The record shows that H. C. was born in February 2007. At that time, her parents lived together in Utah. When H. C. was five months old, Harwell and Curtice ended their relationship and Harwell and H. C. moved out of the residence. In June 2008, Harwell and H. C. moved to Georgia.

Curtice took action in both Utah and Georgia to legitimate H. C. and to obtain visitation and custody rights. On March 15, 2010, in connection with a petition filed by Curtice in Georgia, the superior court entered an order approving a consent interim agreement between the parties on issues including legitimation, joint legal custody, and visitation. In February 2011, the court held a hearing that focused on the issue of physical custody.

On May 16, 2011, the court entered a final order acknowledging that Curtice had legitimated H. C. in the earlier consent interim agreement and order, but awarding primary physical custody to Harwell for the stated reason that Georgia is H. C.'s home:

> The Court finds that Georgia has been the minor child's home state for the past two and one-half years, and the Court is concerned that relocating the child from the home within which she is so familiar would result in unnecessary emotional trauma for the child. Accordingly, the Court finds that it would be in the best interest of the minor child for the parties to have joint legal custody of the minor child, but the Mother [Harwell] shall be the primary physical custodian, and the Father [Curtice] shall be the secondary physical custodian.

A trial court hearing the issue of child custody in a dispute between the child's parents has the duty "to exercise discretion to look to and determine solely what is for the best interest of the child and what will best promote the child's welfare and happiness." OCGA § 19-9-3 (a) (2). The trial court may consider any relevant

factor in determining the child's best interest. See OCGA § 19-9-3 (a) (3) (providing nonexclusive list of factors for consideration in best interest determination).

> Where the trial court exercises its discretion and awards custody of a child to one fit parent over the other fit parent, the appellate court will not interfere with that decision unless there is evidence the trial court clearly abused its discretion. If there is any evidence to support the trial court's decision, it cannot be said that there was an abuse of discretion.

(Citations omitted.) *Anderson v. Anderson*, 278 Ga. 713 (1) (606 SE2d 251) (2004).

1. On appeal, Curtice questions whether the trial court had grounds for finding that Harwell was a fit parent, asserting that the court's order "[did] not speak to any of the qualities or circumstances of the mother from which the trial court could discern her fitness to parent." In fact, the court did not set forth in its order any factual findings upon which a determination as to *either* parent's fitness could be based. But the court was not required to set forth in its order every relevant factor upon which it relied in making its custody award, absent a timely request by a party to do so, OCGA § 19-9-3 (a) (8), and the record does not show that any such request was made in this case. Moreover, although the trial court made no express determination that either Harwell or Curtice was a fit parent, such determination was implicit in the court's awards of joint legal custody of H. C. to both parents, primary physical custody to Harwell, and secondary physical custody to Curtice. And evidence was presented to support that implicit fitness determination.

2. Curtice challenges the trial court's determination that an award of primary custody to Harwell served H. C.'s best interest. The trial court's stated reasons for its best interest determination — that H. C. was familiar with her home in Georgia and would experience unnecessary emotional trauma if relocated to Utah — address the impact of a disruption upon the child. A trial court may award custody based on its conclusion that "it was in the children's best interests to implement permanent custody provisions that resulted in the least amount of disruption to their lives," where there was evidence to support that conclusion. *Welch v. Welch*, 277 Ga. 808, 809 (596 SE2d 134) (2004). See also *Haskell v. Haskell*, 286 Ga. 112, 113 (1) (686 SE2d 102) (2009) (finding award of custody to father was supported by, inter alia, evidence related to stability, continuity, and the child's adjustment to relocation).

Evidence was presented in this case to support the conclusion

that awarding primary physical custody of H. C. to Harwell would result in the least amount of disruption in H. C.'s life and would be in her best interest. H. C. has lived her entire life with Harwell and moved to Georgia with Harwell at the age of one. She has other family in Georgia with whom she spends time. In addition, Harwell testified that H. C. had displayed signs of emotional distress in connection with her visits to Curtice in Utah, although other evidence was presented that H. C. had enjoyed those visits.

Although Curtice argues that other factors set forth in OCGA § 19-9-3 (a) (3) weigh in favor of him as H. C.'s primary physical custodian, the best interest determination, including the application of the factors set forth in OCGA § 19-9-3 (a) (3), must be made by the trial court on a case-by-case basis. See *Haskell*, 286 Ga. at 112-113 (1). Because there was evidence supporting the trial court's determination, the court did not abuse its discretion in awarding primary physical custody of H. C. to Harwell. See id. at 113 (1); *Anderson*, 278 Ga. at 713 (1).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 8, 2011.

*Jo Nesset-Sale*, for appellant.
*Adam M. Stein*, for appellee.

