FINAL COPY
294 Ga. 719

S14F0181.  ROSE v. ROSE.

THOMPSON, Chief Justice.

Bruce and Latosha Rose were married in 2003.  They have one child who was born in 2007.  The couple lived in Gwinnett County and the child attended school there until 2012 when the couple separated.  After the separation, wife moved to Henry County to be near her sister's family and took the child with her.  Shortly thereafter, wife filed a complaint for divorce against husband in Gwinnett County.

At a temporary hearing held in August 2012, husband agreed that wife would have primary physical custody of the child.  A temporary order was entered giving primary physical custody to wife and stipulating that the child would attend school in wife's school district.  The parties were given joint legal custody and directed to confer with one another on all matters pertaining to the well-being of the child.  Following the entry of the temporary order, the child attended an elementary school in Henry County, the wife's school district.

A final hearing was held in December 2012 at which husband sought primary physical custody of the child.  In this regard, husband expressed his

concern for the child's education in Henry County, claiming that the elementary school that the child could attend in Gwinnett County is ranked fifth in the state, while the school the child attended in Henry County is ranked approximately 400th. Although he allowed that wife essentially was a good mother, husband took issue with the quality of the meals wife gave to the child. In this regard, husband claimed that he fed the child healthy, home cooked meals; but wife fed the child fast food, as well as processed, pre-packaged food, far too often. Husband also asserted that wife's work schedule required the child to attend an after school program; whereas he works from home several days a week and, therefore, he would be able to retrieve the child from school and spend time with him most afternoons. Finally, husband testified that the child behaved better in his presence than in the presence of wife and that after the child moved to Henry County he "started to talk back a lot more."

Following the hearing, the trial court entered a final decree of divorce in which it awarded joint legal custody to both parties and primary physical custody to husband. The trial court did not make findings of facts and conclusions of law. Wife sought and we granted an application for discretionary appeal pursuant to this Court's Rule 34 (4). This appeal followed.

2

1. Wife argues the trial court erred in awarding primary physical custody to husband because it focused on factors other than the best interest of the child. See generally Mock v. Mock, 258 Ga. 407 (369 SE2d 255) (1988) (while trial court may consider conduct of parties in determining custody, it must ultimately decide the custody issue on the basis of the best interest of the child). More specifically, wife asserts the trial court's custody decision was based only on the ground that husband's school district provides a better educational opportunity for the child. See generally Bisno v. Bisno, 238 Ga. 328 (232 SE2d 921) (1977) (error to find material change substantially affecting welfare of children where only evidence of change stems from the removal of children as students from school); Fox v. Korucu, 315 Ga. App. 851, 854 (729 SE2d 16) (2012) (evidence that child's grades began to drop and she was unhappy and stressed about attending her current school constituted some evidence of material change in circumstances adversely affecting child). We cannot accept this assertion.

Where the trial court exercises its discretion and awards custody of a child to one fit parent over the other fit parent, the appellate court will not interfere with that decision unless there is evidence the trial

court clearly abused its discretion. Powell v. Powell, 277 Ga. 878 (596 SE2d 616) (2004); Welch v. Welch, 277 Ga. 808, 809 (596 SE2d 134) (2004). If there is any evidence to support the trial court's decision, it cannot be said there was an abuse of discretion. Id.

Anderson v. Anderson, 278 Ga. 713 (606 SE2d 251) (2004).

Contrary to wife's assertion, a review of the record provides ample evidence to support the award of physical custody to husband based on the best interest of the child. This includes evidence that husband's employment schedule enables him to devote more time to the child, see OCGA § 19-9-3 (a) (3) (K), that the child is better behaved when he is reared by husband, see OCGA § 19-9-3 (a) (3) (C), and that husband provides more nutritious meals for the child. See OCGA § 19-9-3 (a) (3) (E). In light of this evidence, we find no clear abuse of discretion.

The mere fact that wife was awarded temporary physical custody does not require this Court to reach a different result.

[A]n award of temporary custody "differ[s] in its nature and

purpose from an award of permanent custody." Foster v. Foster, 230 Ga. 658, 660 (198 SE2d 881) (1973). The temporary award is intended to create an interim arrangement that serves "[t]he best interests of the child pending adjudication of the rights of the mother and father," Adams v. State, 218 Ga. 130, 131 (126 SE2d 624) (1962), whereas an award of permanent custody constitutes "a final adjudication of the rights of the parties." Id.

Pace v. Pace, 287 Ga. 899, 900 (700 SE2d 571) (2010).

2. The trial court did not err in denying wife's post-judgment request for findings of fact and conclusions of law. Youngblood v. Youngblood, 263 Ga. App. 820, 821 (589 SE2d 602) (2003); OCGA § 9-11-52.

3. Wife contends the case was not ripe for a final hearing because husband did not complete a parenting workshop previously mandated by the trial court. Because this contention was not raised in the trial court, it will not be addressed on appeal. Earnest v. State, 262 Ga. 494, 495 (422 SE2d 188) (1992); Batesville Casket Co. v. Watkins Mortuary, Inc., 293 Ga. App. 854, 855 (668 SE2d 476) (2008).

Judgment affirmed. All the Justices concur.

Decided March 3, 2014.

Domestic relations. Gwinnett Superior Court. Before Judge Turner.

<u>Phyllis R. Williams</u>, for appellant.

<u>Daniele C. Johnson</u>, for appellee.