**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 14, 2016**

# In the Court of Appeals of Georgia

A16A1312. WILSON v. WILSON.

PHIPPS, Presiding Judge.

In this case, a mother appeals from the trial court's order modifying custody of her minor daughter, A. W., in favor of the appellee father. The mother contends that the trial court abused its discretion in determining the best interest of the child and relied too heavily on the opinion of the guardian ad litem, who focused primarily on the mother's conduct in hindrance of A. W.'s communication with the father. For the following reasons, we affirm.

The record shows that the parties married in September 2003 and divorced in June 2012. During the marriage, the father served in the military. While deployed, the father did not have much contact with A. W. At the time of the divorce, the father had

finished active military duty and was living in New Mexico where he worked as a police officer.

In the parties' divorce decree, the mother was awarded primary physical custody of A. W., then eight years old, and the father was awarded visitation, including during most of the summer break from school. In 2013, the father obtained a court order to enforce summer visitation. Around the same time, the mother filed a petition to modify the custody and visitation arrangement.

In her petition, the mother alleged that the father had not provided her with his current address, had not maintained health insurance coverage for A. W., had endangered A. W., and had performed lewd acts in front of her. In addition, the father was "always surrounded by pornography," and A.W. was being "psychological abused." However, the mother did not produce evidence to support any of these allegations.

In August 2013, the trial court appointed a guardian ad litem. The guardian ad litem conducted an investigation, submitted a report, and testified at the final modification hearing in October 2014. The guardian ad litem recommended that the father have primary physical custody of A. W., noting that the mother had interfered with the father's telephone visitation with A. W., refused to cooperate in facilitating

2

A. W.'s visits to New Mexico, and discouraged A. W. from having a relationship with the father. For example, the guardian ad litem testified that she overheard the mother tell A. W. in a recorded telephone conversation: "Your father is trying to take you away from me."

In November 2013, the trial court ordered a forensic evaluation. At the hearing, the trial court made the forensic psychiatrist's written report part of the record. The psychiatrist ultimately recommended that A. W. stay with her mother, given the child's stronger emotional bond with her mother, the importance of continuity, and the likely disruption if custody was changed. He noted, however, that the father was "better equipped to provide an emotionally secure . . . home" for A. W. and would be more likely to facilitate A. W.'s relationship with the other parent. The psychiatrist found "strong evidence" that the mother had not been fostering A. W.'s relationship with the father and "substantial evidence" that she had "displayed behaviors which disrupt a healthy attachment between father and daughter."

According to the report:

These [behaviors] include arguing with [the father] during his attempted phone conversations with [A. W.] and telling [A. W.] that her father has not wanted a relationship with her. . . . Evidence [that the mother has used school, psychiatric, and other excuses to stop visitation] includes:

3

1) [The mother] calling 911 in May 2012, citing that [the father] was harassing her when he was in fact on a court-ordered visitation.

2) [The mother] accusing [the father] of not following court ordered phone visitation and reprimanding him for calling other phones in the household, during his attempted conversations with [A. W.].

3) [The mother] refusing visitation after citing an emergency psychiatric appointment in December 2012, despite [the psychiatrist's] records suggesting this was a routine visit and documenting that her presentation was actually improved.

4) [The mother] refusing summer visitation in June 2013, citing an educational scholarship.

5) [The mother] making allegations to Child Protective Services in June 2013, and again in September 2013, that were both unsubstantiated.

6) [The mother] asking to reschedule summer visitation in June 2014, citing required summer school.

At the hearing, the father testified that the mother generally did not communicate directly with him and that it was difficult to communicate with her. He believed that the mother had created a contentious environment, casting him as a "villain" or "enemy or that [he was] looking to take [A. W.] away from her mother." The father complained that he had been unable to have scheduled telephone visitation with A. W. on at least two occasions because she was getting ready to meditate.

The mother testified that she and the father did not communicate with each other. She denied making any negative or critical remarks about the father to A. W.

The court found that the mother had demonstrated a pattern of parental alienation against the father and had engaged in a pattern of obstruction against him. The court concluded that a change of custody was appropriate, placing primary physical custody of A. W. with the father.

"A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest."[1]

> Where . . . the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, this [c]ourt will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. Where there is any evidence to support the decision of the trial court, this [c]ourt cannot say there was an abuse of discretion.[2]

---

[1] *Carr-MacArthur v. Carr*, 296 Ga. 30, 31 (1) (764 SE2d 840) (2014) (citations and punctuation omitted).

[2] *Roberts v. Kinsey*, 308 Ga. App. 675, 678 (6) (708 SE2d 600) (2011) (citations omitted). See also *Smith v. Pearce*, 334 Ga. App. 84, 92 (3) (778 SE2d 248) (2015) ("We are mindful that the Solomonic task of making custody decisions lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility. We will not disturb the superior court's exercise of discretion if there is any evidence to support its decision.") (citations and punctuation omitted).

Under OCGA § 19-9-3 (a) (2), the best interests of the child are controlling as to custody changes.[3] In considering the child's best interests, the trial court "*may consider any relevant factor including, but not limited to* a list of seventeen factors, including subsection (a) (3) (N) – the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child."[4] The trial court is not required to set forth every relevant factor upon which it relied, absent a party's timely request that it do so.[5]

The trial court appropriately considered evidence regarding the mother's unwillingness or inability to facilitate A. W.'s relationship with her father.[6] Although the mother argues that other factors, such as continuity in A. W.'s living situation,

---

[3] *Neal v. Hibbard*, 296 Ga. 882, 884 (1) (770 SE2d 600) (2015).

[4] *Bankston v. Warbington*, 332 Ga. App. 29, 33 (1) (771 SE2d 726) (2015) (punctuation omitted; emphasis in original).

[5] *Curtice v. Harwell*, 313 Ga. App. 263, 264 (1) (721 SE2d 200) (2011). See also *Smith*, supra at 92 (4) ("By the plain language of the statute, the list is suggestive only, and the superior court need not mechanically analyze every enumerated factor, regardless of its relevance.") (citation omitted).

[6] See *Bankston*, supra at 33 (1).

6

weighed in her favor, there is some evidence to support the trial court's finding that a change in custody was in A. W.'s best interest.[7] We thus find no abuse of discretion.

*Judgment affirmed. Dillard and Peterson, JJ., concur.*

---

[7] See id. at 30-31, 33-34 (1) (finding no abuse of discretion in custody modification where, inter alia, the mother had failed to give the father sufficient notice of her relocations, discouraged the child from making friends in her neighborhood, deprived the father of meaningful telephone contact, and discouraged the child from acknowledging her father in therapy sessions).