A90A1884. HAYES v. HAYES.
(404 SE2d 276)

COOPER, Judge.

This discretionary appeal arises from an order entered on appellant's Complaint for Attachment for Contempt and Modification of Final Decree of Divorce. We granted the appeal to consider whether the trial judge abused his discretion in ordering that custody of the child remain with appellee.

The record and evidence adduced at the hearing on appellant's complaint showed that appellant and appellee were divorced on February 7, 1989; that appellee was awarded permanent custody of the parties' minor daughter and appellant was granted reasonable visitation with his daughter; that following the divorce, appellee's boyfriend lived with appellee and the child for approximately two months; that appellee and her boyfriend sometimes had the child in bed with them while they were watching television; that in April 1989, while the child was visiting appellant, the child began making a "humping" motion and said "Mommy (appellee) and Dan (boyfriend) do this"; that appellant and his girl friend lived together for approximately five months and the child often visited appellant on weekends while the two were living together; that appellee has previously used illegal drugs; that around November 1, 1989, appellee moved to Ohio with the child to live with her mother and go to college; that appellant was scheduled to pick up the child for visitation on November 15, 1989; and that prior to his scheduled visitation, appellant discovered that appellee had moved to Ohio with the child. Appellant subsequently filed the complaint which is the subject of this appeal.

Appellant contends in one enumeration of error with five subparts that the trial court abused its discretion in not changing custody from appellee to appellant and in not finding appellee to be in contempt of court. A change in custody of a minor child is authorized where there has been a change in any material conditions or circumstances of a party or the minor child. OCGA § 19-9-1 (b). "In determining whether a material change of condition has occurred, the trial court is vested with a discretion which will not be controlled by this court absent abuse. [Cit.] This court will affirm the trial court's decision if there is any reasonable evidence to support it. [Cit.]" *Gibson v. Pierce*, 176 Ga. App. 287 (335 SE2d 658) (1985). There was evidence that both parties were involved in meretricious relationships in the presence of the child, but no evidence that either party committed sexual acts in the presence of the child. There was ample evidence to support the trial judge's finding that there was no material change in condition warranting a change in custody. Therefore, subparts (a), (b), (d), and (e) of appellant's sole enumeration of error are without merit.

We also find no error with the trial judge's finding that appellee was not in contempt. Appellee's move to another state necessarily involved some inconvenience to appellant's exercise of his visitation rights with the child. However, there was no evidence that appellee wilfully interfered with his visitation or maliciously moved the child out of the state so that appellant could not see her. Accordingly, we find no merit in subpart (c) of appellant's enumeration of error.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 31, 1991 —
REHEARING DENIED MARCH 13, 1991 — ▮▮▮▮▮▮▮

*Mary A. Stearns*, for appellant.
*Adele P. Grubbs*, for appellee.

