A07A1000. JONES v. KIMES.
(652 SE2d 171)

BARNES, Chief Judge.

Following our grant of her discretionary appeal, LaKeisha Jones appeals the trial court's order granting William Kimes' petition seeking physical custody of their son. Jones argues that the trial court erred because Kimes made no showing of a change in circumstances adversely affecting the child which arose after the original award. To the contrary, sufficient evidence supports the trial court's finding that Jones "repeatedly precluded [Kimes] from exercising his court-ordered visitation," and that these actions adversely affected the child.

"In determining whether a material change of condition has occurred, the trial court is vested with a discretion which will not be controlled by this court absent abuse. [Cit.]" *Hayes v. Hayes*, 199 Ga. App. 132, 133 (404 SE2d 276) (1991). We will affirm the trial court's decision if any reasonable evidence supports it. *Todd v. Casciano*, 256 Ga. App. 631, 633 (1) (569 SE2d 566) (2002).

So viewed, the record demonstrates that Jones and Kimes are the parents of a six-year-old son. When Jones and Kimes met, they were both living in DeKalb County, although Jones returned to Mississippi when she became pregnant. They were not married, but Kimes legitimated the child when he was two. At the legitimation proceeding in August 2003, Jones was awarded sole custody, and Kimes was granted visitation rights.

In August 2004, Kimes filed a petition to modify the custody order, seeking sole custody, termination of his obligation to pay child support, and an award of child support from Jones. Kimes filed a motion for contempt on December 6, 2004, contending that Jones denied him visitation. The parties reached a mediation agreement regarding visitation and telephone calls on January 26, 2005, which the trial court incorporated into a consent order the same day. Two days earlier, on January 24, 2005, Kimes amended his motion to modify custody, contending that Jones had moved to Mississippi without giving him her address or telephone number. The trial court appointed a guardian ad litem on February 15, 2005, who issued his first report on June 16, 2005. In January 2006, Kimes filed his second motion for contempt, again contending that Jones was denying him visitation. The parties agreed to temporary orders regarding visitation in May and June 2006. On June 20, 2006, a trial was conducted on the custody modification petition, and three days later the court entered its order changing physical custody to Kimes.

The guardian ad litem's initial report in June 2005 recommended that the child be placed in Kimes' custody on the basis of "better opportunities as to his education," "a more stable residency environment," and Kimes' superior financial situation. The guardian ad litem issued an amended report shortly before trial in June 2006 reversing his recommendation, based largely on the child's new-found stability and accomplishment in Mississippi as well as Kimes' cohabitation with a woman while unmarried. The guardian ad litem also noted that if Kimes were no longer living with a woman he was not married to, the son would have "better future opportunities" if Kimes was the custodial parent.

At trial, Kimes testified that Jones had been erratic in allowing him visitation rights, as spelled out in both the initial custody order and a mediation agreement following one of the two contempt motions he filed. For example, the first couple of weeks after the initial

order filed in September 2003, Kimes picked up the child as agreed, but then the child became unavailable. Kimes saw him once the first week in November, but not again until he brought the contempt motion in January 2004. Jones had been intermittently employed, and moved several times within the Atlanta area and back to Mississippi, which exacerbated Kimes' visitation problems. On the other hand, the guardian ad litem testified that because Kimes was now married to the woman he had been living with, Kimes would be the best custodial parent, again largely based upon Kimes' "significantly higher" income, which would be even higher with his new marriage, and the stability of his housing, because he was buying his house while Jones was living with her mother.

The trial court awarded physical custody to Kimes, and Jones argues on appeal that the trial court erred because it did not specify which, if any, material changes warranted this conclusion. Georgia law authorizes modification of "a judgment relating to the custody of a minor . . . based upon a showing of a change in any material conditions or circumstances of a party or the minor." OCGA § 19-9-1 (b). "The proof must show both a change in conditions and an adverse effect on the child. [Cit.]" *Todd v. Casciano*, supra, 256 Ga. App. at 632 (1).

In this case, the trial court found that Jones "repeatedly interfered with and denied [Kimes] visitation as provided for in the Final Judgment" between the parties, causing Kimes to file two contempt motions as a result of Jones' "behavior and unwillingness to allow [Kimes] to exercise his visitation rights with the minor child." The court also found that "conditions surrounding the child have changed to the extent that a change of custody would promote the child's welfare and warrant the award of primary physical custody to [Kimes]." While the trial court did not specifically say that the repeated denial of visitation constituted the material change in circumstances, "[c]onsidering the order as a whole, a strong implication arises" that the court considered the visitation denials to constitute a material change. *Weickert v. Weickert*, 268 Ga. App. 624, 628 (1) (602 SE2d 337) (2004). Repeated denial of the noncustodial parent's visitation rights may authorize a change of custody. *Bull v. Bull*, 243 Ga. 72 (2) (252 SE2d 494) (1979); *Tyree v. Jackson*, 226 Ga. 690 (3) (177 SE2d 160) (1970); *Holt v. Leiter*, 232 Ga. App. 376, 382-383 (501 SE2d 879) (1998); *Arp v. Hammonds*, 200 Ga. App. 715, 718 (409 SE2d 275) (1991). Accordingly, we find no abuse of discretion and affirm the order of the trial court modifying custody of the minor child.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 12, 2007.

*Moss & Rothenberg, Robert A. Moss*, for appellant.
*Patrick D. Deering*, for appellee.