A09A1859. MITCHAM v. SPRY.
(685 SE2d 374)

MIKELL, Judge.

Katherine Mitcham appeals from the trial court's order granting Christopher Spry's petition for change of custody. We affirm.

"When reviewing a child custody decision, this court views the evidence presented in the light most favorable to upholding the trial court's order."[1] As we consider Mitcham's claims,

> we are mindful that the Solomonic task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility. If the record contains any reasonable evidence to

---

[1] (Citations omitted.) *Moses v. King*, 281 Ga. App. 687 (637 SE2d 97) (2006).

support the trial court's decision on a petition to modify custody, it will be affirmed on appeal.[2]

So viewed, the record reflects that Mitcham and Spry were formerly married and have one minor child, born in 2001. Both parties are members of the military; Mitcham is in the Navy, and Spry is in the Marines. When the parties divorced in 2006, their settlement agreement was incorporated into the divorce decree. The settlement agreement provided for joint legal and physical custody, with each parent having the child for six months and the custodial parent having final decision making authority. Under the terms of the agreement, the noncustodial parent was required to pay child support. At the time of their divorce, Mitcham was stationed in Fort Gordon, Georgia, and Spry was stationed in Jacksonville, North Carolina. Because Mitcham and Spry were on active military duty and scheduled for deployment and/or military schooling at the time of their divorce, they agreed that the child would reside with Spry's parents in Missouri during those times. According to Spry and the grandparents, from 2005 to 2007, the child spent 18 of 24 months in Missouri while his parents were either deployed or in school. The child spent the summer of 2007 with Mitcham in Georgia and the 2007-2008 school year with Spry in North Carolina. In the summer of 2008, the child returned to Georgia and spent the 2008-2009 school year with Mitcham and her new husband, who is on active duty in the Army.

When Spry learned that Mitcham had separated from the Navy and planned to relocate to Fort Bragg in Fayetteville, North Carolina, where her husband was stationed, he filed the instant petition, asking that he be awarded primary physical custody of the child with Mitcham being awarded liberal and reasonable visitation. At the time of the hearing, Spry had separated from the Marines and was living with his parents in Columbia, Missouri, where he grew up and planned to remain. He testified that he "will at a future date move out of [his parents'] house" and that he hopes to attend school at the University of Missouri under the GI Bill. Following the hearing, the trial court noted that there had been a material change in circumstances, i.e., the parties' change in careers and respective relocations coupled with the child reaching school age, and awarded primary physical custody to Spry, ruling that both parents are fit parents, but that factors (F), (G), and (H) of OCGA § 19-9-3 (a) (3), which pertain to the home environment, continuity for the child, and stability of the family unit, weighed slightly in favor of Spry. Specifically, the

---

[2] (Citations and punctuation omitted.) *Weickert v. Weickert*, 268 Ga. App. 624, 626-627 (602 SE2d 337) (2004).

Court found that Spry had relocated to Missouri where his parents and other family members reside and that the child had formed a close bond with his grandparents because he had spent considerable time with them while Mitcham and Spry were deployed. With regard to Mitcham, the Court noted that she has no other family in North Carolina, where she plans to relocate. The court granted the parties joint legal custody of the child but awarded physical custody of the child to Spry.

1. Mitcham contends that the trial court erred in admitting evidence of her sexual infidelity. At the hearing, Spry testified that Mitcham admitted to him that she had been "sleeping with some-body" while they were married. Spry further testified, over objection, that Mitcham had slept with four men prior to their divorce and that her current husband had moved in with her before their divorce was finalized. Mitcham contends that Spry's testimony "tainted [her] in the court's eyes[, and that] [t]he Court's findings under OCGA § 19-9-3 (a) (3) (F), (G), and (H) are merely a cloaking for its true reason for changing custody." In support of her claim, Mitcham points out that after issuing its ruling, the trial court stated as follows:

> I'll tell you both, and it has nothing to do with the parties at this juncture because it just doesn't apply, but it may apply in the future, so I will share this with you. And we'll put this provision in and it will be in your parenting plan: This child will not be exposed to a meretricious relationship between the parties. That is, this child — at this child's bedtime, there will not be a person of the opposite sex, to whom either of you is not married, in your home.

We disagree with Mitcham's contention.

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[3] This same standard applies to the trial court's determination as to whether a material change of condition has occurred, a decision we will affirm if there is "any reasonable evidence to support it."[4] Before issuing its ruling here, the trial court

---

[3] (Citation and punctuation omitted.) *In the Interest of C. A.*, 225 Ga. App. 46, 48 (482 SE2d 534) (1997).

[4] (Citation and punctuation omitted.) *Hayes v. Hayes*, 199 Ga. App. 132, 133 (404 SE2d 276) (1991).

stated as follows:

> I want to make it very, very clear that we're not here to establish fault on the part of the parties. . . . I want you to know that this Court does not go back to pre-divorce and assign fault, or make a determination about issues that might have affected the best interest of a child, but which were purged, essentially, . . . and incorporated into the final decree of divorce. Instead as has been pointed out by both counsel in this case, this Court is bound by the law[, i.e., OCGA § 19-9-3 and the seventeen criteria]. Thank goodness it's such. This is — again, this is not a case where this Court is asked to find an inferior parent and a superior parent because it just doesn't exist in this particular case.

Regardless of the purpose of Spry's testimony and whether or not counsel objected to the testimony, the trial court clearly ruled that neither fitness nor fault was an issue in the case and specifically stated that it did not consider the pre-divorce conduct of either party in reaching its decision. On the contrary, there was ample evidence to support the trial court's ruling that there was a material change of condition warranting a change in custody. Because there is no evidence that the trial court considered anything other than the factors related to whether there was a material change of condition, we find no merit in Mitcham's contention.[5]

2. In three related enumerations of error, Mitcham contends that the trial court erred in granting custody to Spry on the ground that the factors (F), (G), and (H) of OCGA § 19-9-3 (a) (3) were weighted more heavily in his favor. Mitcham argues that the record reflects that the factors are equally weighted, and that the true basis of the trial court's decision is her pre-divorce infidelity and sexual history. We disagree.

OCGA § 19-9-3 (a) (3) provides that

> [i]n determining the best interests of the child, the judge may consider any relevant factor including, but not limited to: . . . (F) The home environment of each parent considering the promotion of nurturance and safety of the child rather than superficial or material factors; (G) The importance of continuity in the child's life and the length of time

---

[5] See generally *Moses*, supra at 691 (1) ("parent's cohabitation with someone, regardless of that person's gender, is not a basis for denying custody or visitation absent evidence that the child was harmed or exposed to inappropriate conduct"), citing *Hayes*, supra, and *Livesay v. Hilley*, 190 Ga. App. 655, 656-657 (2) (379 SE2d 557) (1989).

the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity; and (H) The stability of the family unit of each of the parents and the presence or absence of each parent's support systems within the community to benefit the child.

"[T]he primary consideration of the trial court in deciding custody matters [under this Code section] must be directed to the best interests of the child involved, that all other rights are secondary, and that any determination of the best interests of the child must be made on a case-by-case basis."[6] "Where the trial court exercises its discretion and awards custody of a child to one fit parent over the other fit parent, this Court will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion."[7] Contrary to Mitcham's claim, nothing in the trial court's final order, or the record, shows that the court's ruling was based on anything other than what is in the best interest of the child. The trial court acknowledged that both parties were fit and nurturing parents; that both had established a loving relationship with the child; and that since the time of the divorce, the parties had shared equal custody of the child. The trial court found, however, that Spry had relocated to Missouri, where he had a strong support system and where the child had spent considerable time while his parents were deployed or in training, and that the child had a strong bond with his paternal grandparents. As for Mitcham, the trial court noted that because of health issues, she had visited her son only two or three times in the ten-month period he was living with Spry from 2007-2008; that Spry often brought the child to Georgia to see Mitcham; that Mitcham planned to relocate to Fort Bragg, where she had no family or support system; and that her new husband is subject to deployment every three months for ten years. The record reflects that the existing custody arrangement was no longer a viable option because the child was of school age and could not rotate between his parents every six months. Under these circumstances, we cannot say that the trial court abused its discretion in modifying custody to grant Spry primary physical custody of the child.[8]

---

[6] *Bodne v. Bodne*, 277 Ga. 445, 446 (588 SE2d 728) (2003), citing *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003). See also *Arp v. Hammonds*, 200 Ga. App. 715, 716-717 (409 SE2d 275) (1991) ("OCGA § 19-9-3 (a) provides that in change of custody cases the trial court's duty shall be to exercise its discretion to look to and determine what is for the best interest of child or children and what will best promote their welfare and happiness and to make its award accordingly") (citation and punctuation omitted).

[7] (Citation omitted.) *Powell v. Powell*, 277 Ga. 878 (596 SE2d 616) (2004).

[8] See, e.g., *Alejandro v. Alejandro*, 282 Ga. 453, 454 (2) (651 SE2d 62) (2007) (trial court did not abuse its discretion in awarding custody to one fit parent over the other fit parent),

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 7, 2009.

*Barbara B. Claridge*, for appellant.
*Catherine V. Ryan*, for appellee.

---

citing *Brock v. Brock*, 279 Ga. 119, 121 (3) (610 SE2d 29) (2005).