A09A1294. IN THE INTEREST OF T. S. et al., children.

(686 SE2d 402)

DOYLE, Judge.

The juvenile court entered an order granting sole custody of son, T. S., to the mother and sole custody of daughter, L. S., to the father. The mother appeals the juvenile court's (1) order denying reunification; (2) findings of fact, conclusions of law, and order modifying custody, visitation, and child support; and (3) child support order. For the reasons that follow, we affirm the juvenile court's orders.

"When reviewing a child custody decision, this [C]ourt views the evidence presented in the light most favorable to upholding the trial court's order."[1]

So viewed, the record shows[2] that the mother was married to the father, and the couple had three children, one of whom has reached the age of majority and is not subject to these proceedings. On June 30, 2004, a Final Judgment and Decree was entered by the Superior Court of Fayette County, incorporating the terms of a divorce settlement agreement between the parties, which granted the mother sole custody of the children. Under this order, the father's visitation rights were limited because of an incident during which he struck the oldest child, K. S., in the face, breaking her nose. In September 2006, K. S., who had reached the age of majority, moved in with the father, and subsequently, a November 2006 consent order between the parties allowed the father unrestricted visits with the minor children, T. S. and L. S.

On February 23, 2007, the Fayette County Department of Family and Children Services ("the Department") removed T. S. and L. S. from the mother's home, following the mother's involuntary commitment to a psychiatric facility due to an altercation with an Emory Hospital employee regarding the care of her dying mother (the children's maternal grandmother). The removal also came after numerous incidents in which the police and a family therapist had been called to intervene during situations at the mother's home. The Department brought deprivation proceedings against the mother, and the juvenile court found probable cause for deprivation, which order the mother did not appeal. At the conclusion of the deprivation hearing, the juvenile court placed T. S. and L. S. with the father and ordered the Department to provide the mother a reunification plan.

---

[1] (Punctuation omitted.) *Mitcham v. Spry*, 300 Ga. App. 386 (685 SE2d 374) (2009).

[2] At the outset, we note that the parties have made our review difficult by doing a poor job of providing citations to the record, which in this case covers 31 volumes. See, e.g., *In the Interest of C. T.*, 286 Ga. App. 186, 187 (1) (648 SE2d 708) (2007) (explaining that this Court will not cull the record, and the responsibility of any failure by this Court to locate relevant evidence lies with counsel).

Following the court's finding of deprivation, the father filed a petition for change of custody while the mother filed a motion for reunification.[3] On December 20, 2007, T. S. was involved in an altercation with the father in which T. S. claimed that the father hit him in the face when T. S. refused to get out of bed; thereafter, T. S. went to the mother's home and remained in her custody pending the outcome of the proceedings. Officials from the Department denied that the Department had removed T. S. from the father's home based on the incident, but the court determined that extending T. S.'s visitation at the mother's home would be best. The court heard from various witnesses and reviewed a number of exhibits and records, including T. S.'s notice of election in which he declared that he wished to live with the mother.

On June 24, 2008, nunc pro tunc April 30, 2008, the juvenile court found that it was in the best interests of the children to award temporary custody of T. S. to the mother and temporary custody of L. S. to the father. In its August 5, 2008 findings of fact, conclusions of law, and order modifying custody, visitation, and child support, the juvenile court granted in part the father's petition for change in custody, determining that significant changed circumstances existed that would authorize the court to place both T. S. and L. S. with the father; however, because T. S. had elected to stay with the mother, the court awarded sole legal and physical custody of T. S. to the mother and sole legal and physical custody of L. S. to the father. Thereafter, on August 18, 2008, nunc pro tunc April 14, 2008, the juvenile court sustained the mother's motion for reunification. Also on August 18, 2008, the juvenile court issued an order denying the mother's August 14, 2008 motion to compel discovery on the ground that it was untimely. Finally, on September 4, 2008, nunc pro tunc August 5, 2008, the juvenile court entered an order modifying child support based on its previous order granting sole custody of L. S. to the father.

1. The mother first argues that the juvenile court erred by denying her motion for reunification. However, in the juvenile court's August 18, 2008, nunc pro tunc April 14, 2008 order, the court specifically "sustained" the mother's motion for reunification. The father was granted sole custody of L. S. through a modification of custody, not through a denial of the mother's motion for reunification, and the court's decision to modify custody was based on a myriad of factors and not simply on whether the mother had satisfied

---

[3] The father's petition was filed in the Superior Court of Fayette County but was transferred to the Juvenile Court of Fayette County so that both the petition for reunification and the petition for change of custody could be addressed together.

the minimum requirements of the reunification plan. Furthermore, to the extent that the mother challenges the juvenile court's June 24, 2008 order granting temporary custody of L. S. to the father prior to its final determination of custody, we adduce no error because the trial court had already made a verbal announcement of its intention to grant the father's motion to modify custody (again, which was not based merely on the mother's performance with regard to the reunification plan), which we address in further detail below. Accordingly, this enumeration is without merit.

2. Next, the mother contends that the final custody order is erroneous.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. If the record contains any reasonable evidence to support the trial judge's decision on a petition to change custody, it will be affirmed on appeal. Although trial courts have wide discretion in change of custody proceedings, that discretion is not without limits.[4]

(a) The mother contends that the juvenile court abused its discretion by awarding custody of L. S. to the father because there was no showing of a material change in condition in the mother's home that adversely affected L. S. We disagree.

The juvenile court's determination is supported by the record, which shows that since the time she initially was awarded custody, the mother has experienced a decline in her mental health that has had a negative effect on the children. The decline culminated in the removal of T. S. and L. S. by the Department when the mother was involuntarily committed to a psychiatric institution (albeit for a short time) based on an incident in which the mother became upset with a nurse over the care of her dying mother. Even if the mother was under extreme stress caused by events at the time, we cannot say that the juvenile court abused its discretion in finding that the mother's mental state had changed for the worse and adversely affected the children. Moreover, the court found that the mother continued to harbor serious issues regarding the father, which negatively affected the children because she inappropriately involved her children by burdening them with her feelings about the father.

---

[4] (Punctuation omitted.) *Jones v. Van Horn*, 283 Ga. App. 144, 145-146 (1) (640 SE2d 712) (2006).

The court heard testimony from numerous psychiatric professionals, the children's guardian ad litem, and the children themselves, all of which showed a negative impact on the children resulting from the mother's mental decline. Regardless of whether the mother met the requirements contained in her reunification plan or whether her mental state had improved since the removal of her children, the juvenile court was still authorized by the evidence to find that a material change affecting the children's well-being had occurred since the original custody determination.

The mother also contends that the juvenile court inappropriately considered improvement in the father's capability to care for the children when it determined that a material change existed;[5] however, ample evidence exists in the record to support the juvenile court's determination that a material change had occurred in the mother's situation, regardless of whether it incorrectly considered the father's condition.[6] Nevertheless, we discern no error by the court because the father previously had been limited to supervised visitation with the children, and the juvenile court presented cogent explanation of why the father would be capable of being the primary caregiver to the children.

(b) The mother also contends that the juvenile court abused its discretion by granting the father custody of L. S. because the court did not properly take into account the father's acts of family violence when determining whether modification of custody was in the best interests of the children. We disagree.

The record clearly shows that the juvenile court was aware of the father's past instances of violence against K. S. and the mother, and the court's determination that the father had taken steps to remedy his behavior is supported by the record. The juvenile court also was aware of the incident in December 2007 involving T. S. and the father, and while the situation could be characterized as proof of the father's ongoing violence, the court was also faced with a great deal of evidence of the harm that the mother's mental state has caused the children, especially L. S.[7] The elder daughter, K. S., testified that she had reunited with the father some years after his act of violence against her, and she believed that the mother was manipulative and

---

[5] See *Ormandy v. Odom*, 217 Ga. App. 780, 780-781 (1) (459 SE2d 439) (1995), overruled on other grounds by *Bodne v. Bodne*, 277 Ga. 445, 447 (588 SE2d 728) (2003).

[6] See *Weickert v. Weickert*, 268 Ga. App. 624, 627 (1) (602 SE2d 337) (2004) (reasoning that *Bodne*, 277 Ga. App. at 447, overturned the requirement to show an adverse change in circumstances); *Jones v. Kimes*, 287 Ga. App. 526, 528 (652 SE2d 171) (2007) (post-*Bodne* case applying material change requirement).

[7] See *Welch v. Welch*, 277 Ga. 808, 809-810 (596 SE2d 134) (2004) (upholding grant of custody to father based on evidence presented that it was in the best interest of the children even though father previously had committed acts of violence against mother).

emotionally abusive. Accordingly, we find that the trial court did not abuse its discretion by determining that it was in the best interest of L. S. to grant custody of her to the father.

3. Finally, the mother argues that the juvenile court abused its discretion by denying her discovery requests, which prejudiced her ability to defend herself. We disagree.

The juvenile court entered a pre-trial order on November 19, 2007, stating that no depositions would occur without prior court approval, to which order the mother did not object. The mother did not file a motion to compel discovery until August 14, 2008, which the juvenile court denied as untimely because the pre-trial order required that all discovery be filed by 30 days after that order. Under these circumstances, we conclude that the juvenile court was within its discretion to deny the mother's discovery requests.[8]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 5, 2009.

*Callner, Portnoy & Strawser, Joseph M. Winter*, for appellant.
*Alan W. Connell, Larry J. Overman II, Stephen D. Ott*, for appellee.

---

[8] See *Smith v. Morris, Manning & Martin, LLP*, 293 Ga. App. 153, 168 (7) (666 SE2d 683) (2008) ("trial courts have broad discretion to control discovery") (punctuation omitted); *Leventhal v. Seiter*, 208 Ga. App. 158, 161 (1) (430 SE2d 378) (1993) (no abuse of discretion because motion to compel was filed 15 months after time period for completion of discovery).
[1] OCGA § 16-6-22.1 (b), (d).
[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).