A10A0294. HARRIS v. WILLIAMS.
(696 SE2d 131)

MILLER, Chief Judge.

On February 20, 2008, Kelli Harris a/k/a Kelli Williams filed a petition for modification of custody, visitation, and child support against her ex-husband, Spencer Williams.[1] The trial court denied Harris's petition with respect to the custody modification, increased her child support obligation, and awarded attorney fees and litigation expenses to Williams. Harris appeals from the trial court's order, arguing that the trial court erred in (i) failing to apply a "best interests of the child" standard when it denied her petition to modify custody; (ii) increasing her child support obligation without finding a substantial increase in her income; and (iii) awarding attorney fees to Williams. Finding that the trial court had no valid basis to modify child support or award attorney fees, we reverse the portion of the trial court's order modifying Harris's child support obligation and awarding attorney fees to Williams. Given the trial court's application of the correct legal standard to deny Harris's petition to modify custody, we affirm the denial of her petition.

> While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a [hearing] shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . . [The] appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them.

---

[1] Harris's appeal stems from a petition for modification of custody filed after January 1, 2008, and, therefore, it was directly appealable under OCGA § 5-6-34 (a) (11). Ga. L. 2007, p. 554, § 2, effective January 1, 2008. See *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009).

(Citations and punctuation omitted.) *Lifestyle Home Rentals v. Rahman*, 290 Ga. App. 585 (660 SE2d 409) (2008).

Viewed in the light most favorable to the trial court's order (*Mitcham v. Spry*, 300 Ga. App. 386 (658 SE2d 374) (2009)), the record shows that Harris and Williams were divorced in June 2005 in Henry County, and the trial court awarded physical custody of their two children to Williams and joint legal custody to the parties. Pursuant to the divorce decree, Harris was ordered to pay child support in the amount of $95 per week, based on her gross monthly income of $2,058.33. In February 2006, Harris filed a petition for modification of custody in Henry County, alleging that Williams's move to Alabama and his job loss constituted material changes in circumstances warranting a change of custody in her favor, which the trial court denied.

In her petition, Harris alleged the following changes in Williams's circumstances affecting the children's welfare: (1) inadequate housing at Williams's mother's house; (2) Williams's late shifts at work; and (3) her daughter's school attendance outside the county of Williams's residence. Harris also sought an award of child support from Williams.

Following the parties' divorce, Williams moved to Alabama with the children; however, he subsequently lost his job and returned to Henry County, residing in the marital residence which was awarded to him in the divorce proceedings. The children initially attended private school and eventually were enrolled in Austin Elementary in Henry County. After the foreclosure of his home in November 2007, Williams and the children moved to his mother's four-bedroom home in DeKalb County, where they lived with his mother, his stepmother, and Williams's stepsister. Williams's daughter continued to attend Austin Elementary because only six weeks remained in the 2007 school year, and Williams wanted her to "finish out the . . . year" there. During that time, Williams was employed as an assistant manager at Publix in Conyers and worked the night shift two nights per week. Since the divorce, Harris had remarried and was living with her husband and young daughter in Fayette County. When she filed the instant action, Harris was employed as a time administrator at Publix, with monthly earnings of $2,100. Several months prior to the hearing, Harris quit her job, as her husband's income was sufficient to provide for them, and she decided to be a stay-at-home mom.

The trial court denied Harris's petition for modification of custody, finding that there was no material change in condition "affecting the children's well being"; however, it increased Harris's child support obligation and awarded attorney fees and litigation expenses to Williams.

1. Harris contends that the trial court misapplied the legal standard to her petition to modify custody by requiring her to show a material change in circumstances adversely affecting the children, rather than considering the best interests of the children. We disagree.

If the record contains reasonable evidence to support the trial court's decision on a petition to modify custody, it will be affirmed on appeal. *Mitcham*, supra, 300 Ga. App. at 386-387.

A petition to modify child custody "should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. *If there has been such a change, then the court should base its new custody decision on the best interest of the child.*" (Citation, punctuation and footnote omitted; emphasis supplied.) *In the Interest of T. S.*, 300 Ga. App. 788, 790 (2) (686 SE2d 402) (2009); OCGA § 19-9-3 (b) (a trial judge may modify custody "based upon a showing of a change in any material conditions or circumstances of a party or the child"). Thus, in order for Harris to prevail on her petition to modify custody, she was required to present evidence that changes in Williams's circumstances had an adverse effect on the children or that changes in her circumstances would have a beneficial effect on the children. See id.; *Moses v. King*, 281 Ga. App. 687, 692 (1) (637 SE2d 97) (2006); *Weickert v. Weickert*, 268 Ga. App. 624, 627 (1) (602 SE2d 337) (2004). For the reasons discussed below, the trial court was authorized to conclude that Harris failed to make the requisite showings.

Specifically, Harris failed to demonstrate that Williams's mother's house was inadequate for the children's needs or that the children's welfare was materially affected by the living arrangements there. In this regard, Harris admitted that she had no knowledge of the children's living arrangements at Williams's mother's house. While there was some evidence that his eight-year-old daughter and six-year-old son shared a bedroom initially, the evidence showed that Williams's children slept in separate rooms.

Likewise, Harris failed to show that Williams's late shifts at work materially affected the children's welfare. When Williams worked the late shift, the children took the bus home and his stepmother would care for them until Williams returned home. Nothing of record indicated that the children were not being cared for, or that Williams's work schedule had a detrimental effect on the children. On the contrary, Williams took the children to and from school on multiple occasions and frequently prepared their meals. When Williams had to be at work early, either Williams's mother or his stepmother would get the children on the bus in the morning.

Finally, we reject Harris's claim that her daughter's out-of-county school attendance adversely affected her well-being. The trial

court was authorized to conclude that Williams's decision to allow his daughter "to finish out the . . . year" in Henry County was intended to maintain continuity in her education. See *Green v. Krebs*, 245 Ga. App. 756 (1) (538 SE2d 832) (2000) (describing the Solomonic task upon the trial judge to observe the demeanor and attitudes of witnesses in assessing their credibility); see also OCGA § 19-9-3 (a) (3) (G) (the trial judge may consider "[t]he importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity" in determining the best interest of the child). Evidence that Williams had an extensive family network available to him also supported the trial court's decision to deny Harris's petition to modify custody. See OCGA § 19-9-3 (a) (3) (H) (trial court may also consider "[t]he stability of the family unit of each of the parents and the presence . . . of each parent's support systems within the community to benefit the child" in determining the child's best interest).

While there was evidence that Harris had quit her job and was available to care for the children full-time, Harris failed to show an absence of "reasonable evidence to support the trial court's decision[.]" *Mitcham*, supra, 300 Ga. App. at 386. Thus, the trial court applied the correct legal standard when it concluded that it was not in the children's best interests to modify custody absent a material change in circumstance "affecting [their] well-being. . . ." *In the Interest of T. S.*, supra, 300 Ga. App. at 791 (2) (a).

2. Harris argues that the trial court erred in modifying her child support obligation without finding a substantial change in her income since the entry of the final divorce decree. We agree.

We review a trial court's decision to modify a child support award for an abuse of discretion. If there is some evidence to support the trial court's decision on whether a substantial change in the parent's income authorizes an upward or downward revision of child support, we will affirm. See *Sharpe v. Perkins*, 284 Ga. App. 376, 379 (2) (644 SE2d 178) (2007).

In order to modify a child support judgment, a former spouse must show "a substantial change in either parent's income and financial status or the needs of the child[ren]." OCGA § 19-6-15 (k) (1).

In her petition, Harris did not allege any change in her income or financial status to support a modification of her child support, and Williams did not file a counterclaim to modify child support. After a hearing, the trial court found that Harris's monthly income had decreased from $2,100 to $0 between the filing of the instant action and the hearing, respectively, but imputed an income of $2,100 to her since Harris voluntarily decided to quit her job at Publix. See *Banciu*

*v. Banciu*, 282 Ga. 616, 617-618 (1) (652 SE2d 552) (2007) (earning capacity may be considered in determining child support, including past income and evidence of suppression of income). The trial court's reasoning was erroneous as it failed to determine whether Harris's income had substantially changed from the entry of the divorce decree in June 2005. See OCGA § 19-6-15 (k) (4) ("[T]he court may modify and revise the *previous judgment*, in accordance with the changed circumstances, income and financial status of either parent . . . if such change [is] satisfactorily proven so as to warrant the modification and revision. . . ."). Even if the trial court correctly disregarded the reduction in Harris's income, the evidence failed to show an increase in Harris's income in the two and a half year period since her divorce. Nor did either party present any evidence as to Harris's husband's income. While it appears that the trial court modified the child support award consistent with existing child support guidelines,[2] it had no valid basis to do so. As such, the trial court abused its discretion in increasing Harris's child support obligation to $565 per month. Accordingly, we reverse that portion of the judgment. *Sharpe*, supra, 284 Ga. App. at 379 (2).

3. Harris argues that the trial court erred in awarding attorney fees pursuant to OCGA §§ 19-9-3 (g) and 19-6-15 (k) (5) because Williams did not request attorney fees under these statutes but rather did so based on the "frivolous allegations" in Harris's complaint. Harris also contends that the evidence was insufficient to support the award. We agree that the attorney fee award was improper and not supported by the evidence.

OCGA § 19-6-15 (k) (5) provides: "In proceedings for the modification of a child support award pursuant to the provisions of this Code section, the court may award attorney[ ] fees, costs, and expenses of litigation to the prevailing party as the interests of justice may require. . . ."

Here, the trial court considered the parties' financial circumstances and found Williams to be the prevailing party under OCGA § 19-6-15 (k) (5). Since a modification of child support was not warranted (Division 2, supra), the trial court erred in finding that Williams was the prevailing party in such proceedings. Further,

---

[2] When the parties were divorced in June 2005, the version of OCGA § 19-6-15 then in effect calculated a presumptive amount of child support "by multiplying the obligor's gross income per pay period by a percentage based on the number of children for whom child support is being determined." Ga. L. 1996, p. 453, § 6. OCGA § 19-6-15 was amended in 2005, effective July 1, 2006, and has since been amended. Under the version of the statute in effect when the trial court entered its order, the basic child support obligation is determined based upon "the amount of support displayed on the child support obligation table which corresponds to the combined adjusted gross income of both parents and the number of children for whom support is being determined." OCGA § 19-6-15 (a) (3), (5), and (f).

OCGA § 19-9-3 (g) only authorizes an award of attorney fees in an action for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case. See OCGA § 19-6-2 (a). This is not such a case.

Moreover, the evidence was insufficient to support an attorney fee award under any statute. It is well settled that "[a]n award of attorney fees is unauthorized if [a party] failed to prove the actual costs of the attorney and the reasonableness of those costs." (Punctuation and footnote omitted.) *Gray v. King*, 270 Ga. App. 855, 858 (2) (b) (608 SE2d 320) (2004). Here, Williams's counsel stated that her hourly rate was $225 per hour and her total bill was $5,164.25, but she did not indicate the total number of hours spent on the case or that the fees incurred were reasonable. Counsel introduced her bill into evidence; however, it is not contained in the appellate record. Given that there was no basis for the attorney fee award, we reverse that portion of the judgment awarding Williams $5,164.25 in attorney fees.

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Johnson, J., concur.*

DECIDED JUNE 11, 2010.

*Browning & Gamradt, Chad H. Gamradt*, for appellant.
*N. O. Williams*, for appellee.