A10A2122, A10A2123. ROBERTS v. KINSEY (two cases).
(708 SE2d 600)

SMITH, Presiding Judge.

In these consolidated appeals, Nathaniel Roberts appeals from the trial court's order modifying custody, child support, and visitation in Case No. A10A2122, and from the trial court's order finding him in contempt in Case No. A10A2123. For the reasons set forth below, we affirm.

The record shows that Roberts and Tracey Kinsey obtained a divorce decree on July 25, 2008, that incorporated a handwritten "Memorandum of Understanding" agreed to by both parties during a mediation. Based upon this agreement, the parties shared "joint legal and physical custody" of their five-year-old son. The agreement provided that Roberts "shall enroll the child in the Henry County GA School district" during the "school year 2008-2009 and thereafter." It also provided: "Any change or relocation by husband should be agreed upon by the parties, and if not, will be circumstance to trigger reevaluation of custody by court."

On October 1, 2008, Kinsey filed a motion for contempt against Roberts in Henry County Superior Court alleging that Roberts was a resident of Maryland, that he had taken the child to Maryland instead of enrolling him in the Henry County School System, and that he was refusing to return their son to Georgia.[1] On December 2, 2008, Kinsey filed a motion for an emergency ex parte order in the same action (08-CV-4254-M). On the same day, the court awarded her "temporary sole legal and physical custody of the child" and also ordered that "[t]he child is to be returned to the mother's care,

---

[1] She later amended her contempt motion to assert other claims unrelated to custody.

custody and control. The child is to be returned to the State of Georgia immediately."

On December 11, 2008, Roberts moved for an emergency hearing to set aside the emergency ex parte order. He alleged that he was a member of the United States Air Force and had recently been reassigned from Columbus, Georgia to Frederick County, Maryland.

On January 7, 2009, Kinsey filed a separate petition to change custody in Henry County Superior Court (09-CV-0041). She asserted that Roberts' conduct in "absconding with the child and the father's failure to enroll the child in Henry County schools" created a substantial change in circumstances, necessitating a change in custody. She also asked that the hearing on Roberts' motion to set aside the emergency ex parte order in Case No. 08-CV-4254-M be consolidated with a hearing on her petition to change custody.

Roberts filed an answer to the petition to change custody on February 3, 2009, and did not assert a venue defense. On June 5, 2009, Roberts filed a motion to dismiss the petition to change custody in which he asserted an improper venue defense for the first time. At a hearing on July 8, 2009, the trial court denied Roberts' motion to dismiss because he waived the venue issue.

In July 2009, the superior court conducted separate evidentiary hearings on the motion for contempt and the petition to change custody. On October 12, 2009, the superior court issued a detailed written order on Kinsey's motion for contempt. The court concluded that "Defendant having admitted that he did not enroll the minor child in the Henry County school system for the 2008-2009 school year, is hereby found in wilful contempt of this Court's order. There is no action necessary to purge on this issue." The trial court also found Roberts in contempt for failing to transfer a college fund and failing to pay $8,000 to Kinsey. Finally, it awarded $2,500 in attorney fees to Kinsey.

On October 19, 2009, the superior court issued a final order granting Kinsey's petition to change custody, child support, and visitation. The court noted that it entered a final judgment and decree of divorce in Case No. 07-CV-2687-M on July 25, 2008, which incorporated the agreement of the parties regarding custody. It found

> that the father totally disregarded this Court's order of July 25, 2008 without logical reasons or legitimate justification within a month of the order being signed. The father intentionally deceived the mother into believing that he was planning to enroll the minor child in the Henry County school system. The father then fled with the child to an out-of-state undisclosed location and hid the child. The

father intentionally avoided contact with the mother for a significant amount of time; meanwhile, the mother was attempting to locate the child.

The father is an active member of the United States military and his current duty assignment makes this Court's order of July 25, 2008 untenable for the minor child. It is in the best interest of the minor child to have a stable home environment. The mother is providing a stable home environment; the father cannot provide a stable home environment.

Based on this Court's findings, the mother is hereby awarded sole legal and physical custody of the parties' minor son. . . . The father is awarded visitation as outlined in the Parenting Plan. . . .

In Case No. A10A2123, Roberts appeals from the trial court's order finding him in contempt. In Case No. A10A2122, Roberts appeals from the trial court's final order on custody.

### Case No. A10A2123

1. Roberts asserts the trial court erred by finding him in wilful contempt of the agreement incorporated into his final divorce decree. The trial court's order shows that it found Roberts in contempt for failing to enroll his son in the Henry County school system. The parties' agreement provided that Roberts "shall enroll the child in the Henry County GA School district," that any changes would have to be agreed upon by the parties, and that if the parties could not agree, court intervention would be required. The record supports the trial court's conclusion that Roberts wilfully failed to enroll his son in the Henry County school system as required by the agreement, particularly in light of his failure to communicate with Kinsey before moving the child out of state and his failure to seek a judicial reevaluation of custody based upon his planned move.

2. Roberts asserts the trial court "erred by relying on a facially invalid self-executing custody provision" in the parties' agreement. In support of this argument, Roberts cites *Scott v. Scott*, 276 Ga. 372 (578 SE2d 876) (2003), in which the Supreme Court found that public policy is violated by the use of automatic change of custody provisions that do not provide judicial scrutiny into the best interest of the child at the time of the modification. Id. at 373-377.

We find no merit in this argument because the agreement did not include a self-executing change of custody provision. Instead, it provided for reevaluation of custody by the court in the event Roberts were to move outside of Henry County. This language

provides for precisely the type of judicial scrutiny required by the Supreme Court in *Scott*.

3. Roberts contends the agreement "effectively restrict[ed him] from establishing residence anywhere other than Henry County" and constituted an unlawful attempt to retain jurisdiction over the child. We disagree. The agreement provided only that a judicial reevaluation of custody would be triggered if Roberts moved. The outcome of any reevaluation was not pre-determined, and the provision does not constitute an unlawful attempt by a court to retain jurisdiction. See *Facey v. Facey*, 281 Ga. 367, 371 (7) (638 SE2d 273) (2006).

4. We find no merit in Roberts' remaining claims that the trial court made an improper custody award through its ex parte emergency order in the contempt action. The record shows that the trial court issued a final order modifying custody in a separate action as required by OCGA § 19-9-23. This final order renders any issues regarding the validity of the temporary order moot. *Edwards v. Edwards*, 226 Ga. 875, 878 (2) (178 SE2d 168) (1970).

### Case No. A10A2122

5. In related enumerations of error, Roberts asserts the trial court erred by (1) denying his motion to dismiss Kinsey's petition to change custody based upon improper venue and (2) issuing a final order in a case with improper venue. We cannot consider these claims because Roberts failed to raise this issue in his answer or by a motion filed at or before the time he filed his answer. *Gravley v. State of Ga.*, 285 Ga. App. 691, 692-693 (1) (647 SE2d 372) (2007).

6. Roberts asserts the trial court erred in its custody decision because it "relied on a gross misinterpretation of the facts" and "included unsubstantiated and false statements in its findings of fact." Roberts takes issue with the following statement in the trial court's order: "The father then fled with the child to an out-of-state undisclosed location and hid the child. The father intentionally avoided contact with the mother for a significant amount of time. . . ."

> Where, as here, the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, this Court will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. Where there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion.

(Citations and punctuation omitted.) *Haskell v. Haskell*, 286 Ga. 112

(1) (686 SE2d 102) (2009). "[F]actual findings made after a hearing shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." (Citations and punctuation omitted.) *Harris v. Williams*, 304 Ga. App. 390 (696 SE2d 131) (2010).

The record in this case supports the factual findings made by the trial court. The record shows that on July 25, 2008, the court approved the parties' agreement to share joint physical and legal custody of their child. Under this agreement, Roberts would care for the child on weekdays, provided he enrolled their child in the Henry County school system, and the mother would care for the child on weekends.

On Wednesday, August 6, the father picked up the child at the office of the mother's attorney for the purpose of enrolling the child in the Henry County school system. When Kinsey attempted to pick up the child the following Friday at the designated location, Roberts did not appear and did not answer his cell phone. After one hour, Roberts called her back and told her "I will not be coming today. I will see you next weekend." Roberts claimed that he had made arrangements with Kinsey's lawyer and obtained his consent to "not show up."

Roberts also failed to appear the following Friday, did not answer his phone, and did not respond to Kinsey for two weeks. When Kinsey called her attorney about Roberts' failure to appear again, she learned that Roberts had left Georgia.

On August 19, Roberts sent Kinsey an e-mail letting her know that their son was okay, that he was enrolling him in school in Frederick, Maryland, that he planned for the child to live with him during the school year, and that the child would live with Kinsey for the entire summer. Kinsey was unable to reach Roberts or her son by telephone after receiving this e-mail. On September 15, Roberts sent Kinsey another e-mail giving her his address and new phone number in Maryland for the first time.

This evidence supports the trial court's findings, and we find no abuse of discretion. While Roberts presented an alternative version of these events, the trial court was not obliged to accept it. See *Harris*, supra, 304 Ga. App. at 390.

7. Roberts asserts the trial court erred by failing to conduct the appropriate best interest of the child analysis. According to Roberts, the trial court "concluded that Roberts' military assignment prevents him from providing a stable home environment for [the child]." A review of the trial court's order shows that it did not draw the conclusion asserted by Roberts.

The father is an active member of the United States military and his current duty assignment makes this Court's order of July 25, 2008 untenable for the minor child. It is in the best interest of the minor child to have a stable home environment. The mother is providing a stable home environment; the father cannot provide a stable home environment.

Based on this Court's findings, the mother is hereby awarded sole legal and physical custody of the parties' minor son. . . .

The trial court concluded that its previous custody order was not workable after the father's transfer to Maryland; it did not link the father's military service to an unstable home environment. The record contained ample evidence from which the trial court could have determined that Roberts could not provide a stable home: he took the child from Georgia to Maryland without telling the child's mother; he suffered from bipolar personality disorder; and he had previously been hospitalized for "suicidal ideation." Based upon this evidence, Roberts has failed to show that the trial court abused its discretion by concluding that he could not provide a stable home. Moreover, the trial court's order demonstrates that it made its custody determination based upon the best interest of the child.

8. Roberts' remaining enumerations of error have no merit for the reasons provided in Case No. A10A2123.

*Judgments affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 23, 2011.

*Stephen H. Robinson*, for appellant.
*Nichole A. Reynolds*, for appellee.