**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**June 26, 2024**

# In the Court of Appeals of Georgia

A24A0353. CALVERT v. CALVERT.

BARNES, Presiding Judge.

Faith M. Calvert ("the mother") appeals from a trial court order modifying custody and child support for the three minor children she shares with her former husband, Jerome L. Calvert ("the father"). The mother contends that the trial court abused its discretion by awarding the father primary physical custody of the two youngest children, as he had not sought that relief in his petition. She further asserts that the trial court erred when, in calculating child support, it credited the father for the children's health insurance premiums paid by his current wife, but failed to credit the mother for the health insurance premiums she paid to cover the children. Finally, the mother claims that the trial court erred in modifying the father's payment

schedule for the past due child support owed her. For reasons explained more fully below, we find no error and affirm the trial court's order as to child custody, child support, and the proposed payment schedule.[1]

In deciding child custody, "a trial court has very broad discretion, looking always to the best interest of the child." (Citation and punctuation omitted.) *Taylor v. Taylor*, 293 Ga. 615, 616 (1) (748 SE2d 873) (2013). When we review a custody determination, we

> view the evidence presented in the light most favorable to upholding the trial court's order[,] . . . mindful that the Solomonic task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility. If the record contains any reasonable evidence to support the trial court's decision on a petition to modify custody, it will be affirmed on appeal.

---

[1] We note that the father currently has pending in this Court an appeal that challenges both a May 2022 order finding him in contempt for failure to pay child support awarded by the divorce decree and awarding the mother past due child support and attorney fees. *Calvert v. Calvert*, Case No. A24A0640 (docketed for the April 2024 term). In that appeal, the father also challenges the final order at issue in this case to the extent that order denied his motion for reconsideration of the May 2022 contempt order. This opinion does not address the merits of the contempt order or the denial of the father's motion for reconsideration, as those issues are reserved for the appeal in Case No. A24A0640.

(Citation and punctuation omitted.) *Mitcham v. Spry*, 300 Ga. App. 386, 386-387 (685 SE2d 374) (2009).

The record shows that the parties married in 2008 and were divorced pursuant to a final judgment and decree of divorce entered in December 2013. The divorce decree granted the mother primary physical custody of the couple's only minor child, C. F. C. (born in 2008), and required the father to pay child support. Several months after the divorce, the parties reconciled and resumed living together as husband and wife, although they never remarried. During the time they lived together, the parties had two more children, C. L. C. (born in 2014), and C. J. C. (born in 2016). The mother and father separated a second time in January 2020, and all three children remained with the mother. One year later, the oldest child went to live with the father and in April 2021, the father filed a petition seeking legitimation of the two younger children; joint legal and physical custody of and visitation with the two younger children; primary physical custody of the oldest child; and modification of his child support obligation with respect to the oldest child. The mother counterclaimed for joint legal custody and primary physical custody of all three children. She also sought

child support for all three children and an award of attorney fees under OCGA § 19-6-2.

Several months after the father filed his petition, the mother filed a motion for contempt based on the father's failure to pay child support as ordered by the divorce decree. She also sought attorney fees for the cost of bringing the contempt motion. The father, in turn, moved for the appointment of a guardian ad litem "to render an opinion as to what is in the best interest of the children with respect to primary legal and physical custody." Following a hearing, the trial court entered an order on May 10, 2022 that, among other things, granted the motion for appointment of a guardian ad litem; found the father in contempt for failure to pay child support as required by the divorce decree; and awarded the mother $21,825 in past due child support and $4,315 in attorney fees. The order required the father to pay the attorney fees within 30 days and to pay the mother $500 per month in past due child support until the balance was paid.

In December 2022, the guardian ad litem sent a written report to the parties in which he recommended that the father be given primary physical custody of all three children. After detailing his concerns, the guardian ad litem concluded:

Based on all of the above concerns, as well as others that have come to [light] during this investigation, I believe that the environment that the children would be in at their father's house would be more stable and beneficial to the young[er] girls. . . . This Guardian cannot help but be somewhat influenced by the fact that [the oldest child], on her own decision, has moved in with her father and is thriving more so than when she was living with her mother. The two younger girls, I believe, require structure, and their time needs to be better controlled, than what appears to be occurring at their mother's home. I believe, therefore, that it is in the best interest of these girls for primary custody to be awarded to their father . . . .

Prior to the final hearing in June 2023, each parent filed a proposed parenting plan and a child support worksheet. The father's parenting plan requested joint legal custody and primary physical custody of all three children. His child support worksheet showed a monthly expense of $300 for the children's health insurance and he requested a credit for that amount in any child support calculation. The mother's parenting plan requested joint legal custody of all three children and primary physical custody of the two younger children. Her child support worksheet showed a monthly expense of $419.84 for the children's health insurance, and she sought a credit in that amount when calculating child support.

At the outset of the final hearing, the mother objected to the father arguing for physical custody of the two youngest children, noting that he had failed to request that relief in any pleading. The mother further asserted that the father's first request for custody of the younger children was in the parenting plan filed two weeks earlier. The trial court overruled the objection and allowed the father to proceed with his request for primary physical custody of all three children. Additionally, the court allowed the father to move for reconsideration of the prior order finding him in contempt for failure to pay child support as required by the divorce decree and awarding the mother past due child support and attorney fees.

The evidence at the hearing showed that while living with their mother, the two younger children had a significant number of absences and tardies at school. During the 2021 school year, the middle child missed 48 days of school. And during the most recent school year (2022-2023), the middle child had 38 absences and 15 tardies while the younger child had 34 absences and 9 tardies. The mother attributed all of the children's absences to illness, but during 2022-2023, each child had at least 10 absences that were unexcused.

As a result of learning difficulties, the middle child recently had undergone educational psychological testing. The mother, however, had failed to inform the psychologist about the child's excessive absences from school and he therefore rendered a diagnosis without that information. And the guardian ad litem testified that the child's educational file reflected her teachers' opinions that her learning issues might be cured by better attendance.

The guardian ad litem also stated that he was appointed to render an opinion as to the primary physical custody of the two youngest children. And he reiterated his recommendation that the father receive primary physical custody of all three children, opining that the younger girls would benefit both from the more structured environment in the father's home and from living with their older sister.

With respect to the children's health insurance, the mother requested that she be the one to maintain that insurance, noting that she currently covered the children under a policy she purchased at a cost of $419.84 per month. The evidence further showed that the children's stepmother also covered them through a plan provided by her employer, WellStar Hospital, at a cost of $300 per month.

Following the hearing, the trial court entered a final order granting the parents joint legal custody, granting the father primary physical custody of all three children, and requiring the father to maintain health insurance for the children. The order also required the mother to pay child support as calculated on the father's child support worksheet, which gave the father a $300 monthly credit for the children's health insurance. Additionally, the order denied the father's motion for reconsideration of the prior order finding him in contempt and awarding the mother past due child support and attorney fees. And the order found that the father remained in contempt for failure to pay the attorney fee award in full and for failure to make any payments on the past due child support. The order therefore required the father to pay $400 a month to satisfy the $3,165 balance of attorney fee award. Following satisfaction of that award, the father was ordered to pay the $21,825 in past due child support at the rate of $500 per month. The mother now appeals from the trial court's order.

1. The mother contends that the trial court erred in allowing the father to pursue primary physical custody of the two youngest children because he had not requested that relief in his pleadings. We find no error.

Under Georgia law:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of the evidence would prejudice him in maintaining his action or defense upon the merits.*

(Emphasis supplied.) OCGA § 9-11-15 (b).

The mother contends that because she objected to the father's at-trial request for custody of the two youngest children, that issue was not tried with her consent. Both the above-emphasized language and our case law make clear, however, that an objection to relief not requested in a complaint will be sustained where the objecting party had insufficient notice of that claim prior to trial. See *Sedehi v. Chamberlin*, 344 Ga. App. 512, 516-517 (1) (811 SE2d 24) (2018) (in an action for divorce, the trial court erred in awarding alimony to the wife, who had counterclaimed for an annulment and damages for fraud; "throughout discovery and during trial, [the wife] affirmatively

9

indicated that she sought only damages for fraud, regardless of whether the court rejected her claim for an annulment,"and therefore the husband had no notice that alimony was an issue) (emphasis omitted). See also *Hackbart v. Hackbart*, 272 Ga. 26, 26-27 (526 SE2d 840) (2000)(where a party neither files a responsive pleading nor appears at trial, the "trial court may not award relief beyond sought that in the complaint" and the "complaint may not be amended to conform to the evidence," as the absent party had no notice that such relief was a possibility); *Daggy v. Daggy*, 366 Ga. App. 320, 321 (1) (882 SE2d 542) (2022) (same).

In this case, the record shows that the mother had notice well in advance of trial that custody of the two youngest children was at issue. As noted above, the father requested a guardian ad litem specifically "to render an opinion as to what was in the best interest of the children with respect to primary legal and physical custody." And the guardian ad litem testified that at the time he was appointed,[2] "the question was whether . . . there was going to be a change of custody of [the two younger children]." Moreover, six months prior to the final hearing, the mother received the guardian ad litem's recommendation that the father be awarded primary physical custody of all

---

[2] The guardian ad litem was appointed on April 8, 2022.

three children. Thus, the mother had notice that custody of the two younger children was at issue, and the trial court did not err in allowing the father to pursue primary physical custody.

2. With respect to health insurance premiums for children, the Georgia Code provides, in relevant part, that "[t]he amount that is, or will be, paid by a parent for health insurance for the child for whom support is being determined shall be an adjustment to the basic child support obligation and prorated between the parents based upon their respective incomes." OCGA § 19-6-15 (h) (2) (A) (i). Relying on this language, the mother argues that the trial court erred in giving the father a $300 credit on the child support worksheet for the children's health insurance and in failing to credit her with the insurance premiums she paid for the children. Specifically, the mother contends that because the health insurance at issue is provided by the father's wife — rather than by the father— the trial court should have allowed her to maintain the health insurance for the children. She further contends that the father is not entitled to a credit for health insurance because the premium is paid by the father's wife, and the wife is not a parent within the meaning of the code. We disagree.

11

The mother's argument ignores additional language found in OCGA § 19-6-15 (h), which provides that "[i]f either parent has health insurance reasonably available at reasonable cost that provides for the health care needs of the child, then an amount to cover the cost of the premium shall be added as an adjustment to the basic child support obligation." OCGA § 19-6-15 (h) (2) (B) (i). And here, the evidence showed that the father had health insurance for the children "reasonably available" to him through his wife's employer. And given that the health insurance available to the father costs approximately $100 per month less than that available to the mother, the trial court was entitled to find that the cost of this insurance was reasonable and that the father, rather than the mother, should maintain the children's health insurance. Accordingly, the trial court did not err in allowing the father to maintain the children's health insurance and in crediting him the cost of that insurance on the child support worksheet.

3. The mother asserts that the trial court committed legal error in structuring the father's payments for past due child support so that the payments did not begin until after the father has completed his payment of the attorney fee award. She argues that because payment of past due support is now "contingent" upon the father

12

satisfying the attorney fee award, the court's order constitutes an impermissible modification of child support. See OCGA § 19-6-17 (e) (3) (a child support award is not subject to retroactive modification). Here, however, the court did not modify the support award — i.e., it did not reduce, forgive, or otherwise change the amount due. Instead, the court simply structured the payments of both the attorney fee award and the child support arrearage to accommodate the father's finances. See *Strunk v. Strunk*, 294 Ga. 280, 283-284 (5) (754 SE2d 1) (2013) (in a contempt proceeding for a failure to pay child support, a trial court may "determine the timing and manner of the payment of [any] arrearage"); *Deese v. Deese*, 230 Ga. 105, 106-107 (196 SE2d 16) (1973) (same).

Moreover, despite the mother's argument to the contrary, the payment of the past due child support is in no way contingent on payment of the attorney fee award. Based on the amounts awarded and the payment schedule, the mother has the information necessary to calculate when the attorney fee award will be satisfied and when the past due support payments should begin. If the father fails to begin payments on that date, the mother can seek appropriate legal relief to enforce the judgment.

For the reasons set forth above, we find no reversible error and affirm the trial court's order as to child custody, child support, and the payment schedule for any attorney fees and past due child support owed by the father.

*Judgment affirmed. Gobeil and Pipkin, J. J., concur.*